**STATE BOARD OF INSURANCE of the State of Texas, Appellant,**

v.

**REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Appellee.**

No. 11271.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1964.

Rehearing Denied Nov. 18, 1964.

Waggoner Carr, Atty. Gen., Joe R. Long, Asst. Atty Gen., Austin, for appellant.

Heath & Davis, Dudley D. McCalla, Austin, Thomas G. Nash, Jr., Dallas, for appellee.

HUGHES, Justice.

The Trial Court upon sworn petition by Republic National Life Insurance Company and after appearance by appellant, the State Board of Insurance of the State of Texas, and after hearing, both parties being represented, issued a temporary injunction the material portions of which are:

"* * * it appearing that the plaintiff is entitled to the temporary injunction as herein granted, same being within its allegations and prayer, for the reasons that the Commissioner of Insurance and the State Board of

Insurance of the State of Texas, defendant, have issued, and approved the issuance of, a certificate of authority to Great Republic Life Insurance Company to transact a life insurance business in the State of Texas and such action will result in the immediate commencement of competitive business between Great Republic Life Insurance Company and Republic National Life Insurance Company, and it appearing that such commencement of business by these companies in Dallas, Texas, and elsewhere, in view of the similarity of names, will result in confusion and misleading of the public, and that the State Board of Insurance of the State of Texas, defendant, in approving the issuance of such certificate of authority has acted in disregard of Articles 3.02 and 3.06 of the Texas Insurance Code (V.A.T.S.) and Article 2.05 of the Texas Business Corporation Act (V.A.T.S.), and that the issuance of such certificate and the operations by Great Republic Life Insurance Company will result in irreparable and inestimable damage to the plaintiff; and that the plaintiff in said hearing has made a proper showing of a probable right and probable injury of the matters in the temporary injunction prayed for; it further is the holding of the Court that the appeal taken by plaintiff herein will be tried 'de novo' rather than under the substantial evidence rule and therefore any action of the State Board of Insurance or the Commissioner of Insurance purporting to approve or authorize the use of the name 'Great Republic Life Insurance Company' or to authorize a certificate of authority issued in that name is totally void and a nullity; that no company may use that name as a matter of law and if any such company attempts to do so it will be without legal authorization of the proper authorities of the State of Texas and the temporary mandatory injunction granted herein is proper on that basis;

"It is Accordingly Ordered, Adjudged and Decreed that the clerk of this Court issue a writ of temporary mandatory injunction pending final hearing and determination of this cause ordering the State Board of Insurance of the State of Texas, defendant, to take any and all action necessary to recall and cancel certificate of authority No. 3339, purportedly authorizing Savings and Security Life Insurance Company to operate under the name 'Great Republic Life Insurance Company', provided that the plaintiff shall, prior to the issuance of such injunction, file with the Clerk a bond executed by it in the amount of Five Thousand ($5,000.00) Dollars payable as required by law, with good and sufficient surety, approved and conditioned as the law requires; all of which is subject to the further order of the Court."

Appellee posted bond as required and the injunction ordered has been issued and served upon proper parties.

■ The Board's first point is that the Court erred in issuing an injunction, mandatory in form, to compel official action by it.

We overrule this point upon the authority of Texas Practice, Lowe and Archer, Sec. 330 from which we quote:

"Mandatory injunctions may be either temporary or permanent.

"A temporary mandatory injunction will issue only for the purpose of maintaining or restoring the status quo pending final hearing. While it is often said that a mandatory injunction, particularly a temporary mandatory injunction, should not be granted except with great caution and only in cases of extreme hardship when the necessity for the relief is manifest, the Texas courts do not hesitate to issue the writ when it is essential to

remedy a wrong and no other adequate means of effecting the needed relief exists. * * * Should it become necessary to preserve the status quo by requiring action instead of rest pending such hearing, a mandatory injunction would be authorized since a prohibitory injunction would be ineffective."

The quoted text is well supported by authorities.

The Board's second point is that the Court erred in ordering cancellation of the Certificate of Authority contrary to the statutory provisions governing such cancellation.

The Board cites, in particular, Art. 1.14 of the Texas Insurance Code, V.A.T.S. This Article provides for the issuance of certificates of authority to persons engaged in the insurance business upon compliance with its conditions which certificate " * * shall be in full force and effect until it is revoked, canceled or suspended according to law; * * *." This Article also provides for the revocation of such Certificate of Authority for certain reasons as do Arts. 1.15 and 3.55 of the Insurance Code. Both Arts. 1.14 and 1.15 contain appeal provisions to the effect that the institution of suit as authorized operates to stay the order appealed from unless the Court otherwise directs, and provides that the trial shall be de novo as in other civil cases. These articles also give the reviewing Court plenary authority over the action of the Board in the premises.

Appellee predicates its appeal upon the provisions of Art. 1.04, Insurance Code. This Article provides that relief from any ruling of the State Board of Insurance by any dissatisfied insurance company or other party at interest may be had by filing a petition in the District Court of Travis County and that such "action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo" as in cases of appeal from the Justice Court to the County Court.

Article 1.04 does not specifically provide that an appeal under its terms has the effect of annulling the order or ruling which is the subject of the appeal but the law gives it such effect. Southern Canal Company v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619.[1]

No insurance company should be permitted to do business under a Certificate of Authority which has been nullified, and appellee, on default by the Board, had the right to seek protection from unlawful competition by Great Republic Life Insurance Company and the Trial Court had authority to grant such protection upon proper showing.

Answering directly the Board's point, the Court in directing cancellation of the Certificate of Authority issued to Great Republic Life Insurance Company was in accordance with and declaratory of the legal consequence of a proper appeal from the action of the Board. The real substance of the Court's order was its direction to the Board to recall the Certificate of Authority issued to Great Republic Life Insurance Company and by so doing to put an end to its unlawful operation thereunder. Point two is overruled.

The Board's third point is that the Court erred in holding that appellee had exhausted its administrative remedies in regard to cancellation of the Certificate

---

1. Chief Justice Calvert, for the Court, stated the law in this language:
   "The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified."

of Authority issued by the Board to Great Republic Life Insurance Company. The basis of this point is the contention that appellee did not appeal from the order of the Insurance Commissioner granting such Certificate of Authority to the State Board of Insurance but that it appealed only from the order of the Commissioner changing the name of Savings and Security Life Insurance Company to Great Republic Life Insurance Company, and since Art. 1.04(f) authorizes an appeal to the Courts from the action of the Board, as distinguished from the action of the Commissioner, the attempted appeal from the order of the Commissioner is unwarranted.

On June 9, 1964, the chief executive officer of the Republic National Life Insurance Company wired the Commissioner of Insurance, in part, as follows:

"I would use this means to urgently protest the granting by your department of a charter amendment to the Savings and Security Life Insurance of Dallas permitting them to use the name Great Republic Life Insurance Company. I respectfully request that such amendment not be granted to them and that they not be given authority to write life insurance in Texas under such name."

On June 15, 1964, Republic National sent identical telegrams to the Chairman of the State Board of Insurance and to the Commissioner of Insurance reading, in part, as follows:

" * * * We wish to protest issuance of any Certificate of Authority to do business as a life insurance company in the name of Great Republic Life Insurance Company. * * *"

Certificate of Authority was issued by the Commissioner of Insurance to Great Republic Life Insurance Company on June 11, 1964.

An appeal was heard by the State Board of Insurance in this matter and its order affirming the action of the Commissioner was signed June 30, 1964. We quote, in part, from this order:

"Subject Considered:

### REPUBLIC NATIONAL LIFE INSURANCE COMPANY
Dallas, Texas

Appeal from action taken by the Commissioner in denying its protest against the use of the name Great Republic Life Insurance Company

General remarks and official action taken

On this day, came on for consideration by the State Board of Insurance, the appeal of REPUBLIC NATIONAL LIFE INSURANCE COMPANY, Dallas, Texas, from the official action of the Commissioner to the effect that the corporate name Great Republic Life Insurance Company was not so similar to that of REPUBLIC NATIONAL LIFE INSURANCE COMPANY as to be likely to mislead the public. * * *

The State Board of Insurance is of the opinion and so finds that the official action taken or ruling made by the Commissioner is proper and correct, and the determination by the Commissioner that the corporate name Great Republic Life Insurance Company is not so similar to that of REPUBLIC NATIONAL LIFE INSURANCE COMPANY as to be likely to mislead the public is hereby approved, and the appeal by REPUBLIC NATIONAL LIFE INSURANCE COMPANY is hereby, in all respects, denied."

It is palpable from these records that the point at issue before the Board was not the privilege of this company to engage in the life insurance business in Dallas but its right to engage in such business

in Dallas under the name of Great Republic Life Insurance Company. If it had no right to use this name, it had no right to the Certificate of Authority issued in such name. The validity of the Certificate of Authority is wholly dependent upon the validity of the charter amendment authorizing the change of name. We believe that the order of the Board by necessary implication had the effect of overruling the protest made to it by Republic National to the issuance of a Certificate of Authority to Great Republic Life Insurance Company. If the order of the Board is not adroitly drawn, it is no fault of appellee and it should not be penalized for the failure of the Board, if it did fail, to draw an order adequate to dispose of the primary issue before it. Point three is overruled.

By supplemental brief the Board presents its fourth point which is that the evidence is insufficient to establish imminent danger of irreparable injury to appellee pending a trial on the merits.

Mr. Barry L. Oakes, president of Republic National, testified that his company was very large, that it had over four billion dollars insurance in force, and that it operated in forty nine states, Puerto Rico and in Washington D. C. He testified, from his experience, to the confusion which results when insurance companies have similar names. We quote the following testimony of Mr. Oakes:

"Q Mr. Oakes, in your capacity as President of Republic National, and from your experience in the insurance business, particularly in and around Dallas, and because of your past experience with other companies that you have testified about, is it your opinion that if the company under discussion begins its operations in Dallas, Texas under the name of 'Great Republic Life Insurance Company' that confusion will result among the stockholders of your company, the public at large, the policyholders, and the public in general, and that they will probably be misled as to the true identity of the respective companies at different times?

"A There is little doubt in my mind but that it will be very confusing to everybody.

"Q Do you think there is a possibility that the public or other people that I have mentioned may on occasions assume there is some connection between the two companies?

"A I think so."

We also quote the affidavit of Mr. R. R. Gilbert:

"That he is a partner of Sanders & Company, brokerage firm, and that he is familiar with the trading of stock of Republic National Life both locally and nationally; that Sanders & Company is one of the largest traders in said stock in the nation.

"That Sanders & Company deals both in retail sales and as a wholesale trader. That in trading (which refers to purchase and sales between dealers) time and communication are vital elements. That in the rapid exchange of trading as well as retail sales Republic National Life Insurance Company is referred to as 'Republic Life,' the word 'Republic' being used to refer to Republic National of Dallas and the word 'Life' being used to refer to the life insurance industry, thus preventing confusion with any other industry such as Republic Bank.

"That 'Republic' is used since it is a dominant and widely used word associated with Republic National Life Insurance Company. That Republic Life stock is traded throughout the country in a large volume.

"That the use of the dominant word 'Republic' in the title of another life company, such as 'Great Republic,' will be confusing and misleading in the trading of stock and necessitate adjustments in the use of trading names. Precautions and procedures to identify and distinguish between similar company names in the same industry to minimize the danger of confusing trades will have to be developed.

"That this problem is compounded when both companies are located in Dallas. Any such confusion can be harmful to existing stockholders, the trading public, and brokerage firms."

There is also in the record an affidavit of Mr. Theo. P. Beasley, chairman of the Board of Directors of Republic National, which is of similar import to the testimony of Mr. Oakes and Mr. Gilbert.

It is our opinion that the evidence is sufficient to show a probability of injury to Republic National had the Trial Court refused to grant a temporary injunction.

The judgment of the Trial Court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

Criticism of our opinion is made by appellant because in quoting from Lowe and Archer, Texas Practice, we omitted the following: "Mandatory injunctions may not be used as a substitute for the writ of mandamus to compel action by duly constituted public officials, * * *"

In stopping in mid-sentence, appellant omitted the remaining portion which reads: "although it may be used to bring about a recognition or restoration of the status quo which has been flaunted or disturbed by such officials."

The action of the trial court was clearly within appropriate limits as delineated by the above text.

■ Appellant, not having done so previously, now questions the constitutionality of the trial de novo provisions of Sec. (f), Art. 1.04 of the Insurance Code. We overrule this contention and sustain the constitutionality of these provisions under the authority of Key Western Life Insurance Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839, and State Board of Insurance v. Professional and Businessmen's Insurance Co., 359 S.W.2d 312, Austin Civ.App., writ ref., n. r. e.

■ Appellant also for the first time contends that Great Republic Life Insurance Company was a necessary and indispensable party to this suit.

The suit in the District Court was in the nature of an appeal from a ruling of the State Board of Insurance as authorized by Sec. 1.04(f) of the Insurance Code, which Article provides that such an appeal may be taken by filing a petition in the District Court of Travis County against the State Board of Insurance. Under this statute only the Board of Insurance need be sued. See 43 Tex.Jur.2d, Sec. 665, Oil and Gas, page 610, and cases there cited, where it is stated with reference to a similar statute providing for appeals from ruling of the Railroad Commission that, " * * * the Commission is the only necessary party defendant."

The temporary injunction issued in this case was purely incidental to the appeal taken from the action of the Board, and the rules relating to such appeals have primary application.

The motion is overruled.