**TEXAS STATE BOARD OF MEDICAL EXAMINERS, Appellant,**

v.

**Clifford HAYNES, Appellee.**

**No. 113.**

Court of Civil Appeals of Texas.

Tyler.

March 11, 1965.

Waggoner Carr, Atty. Gen., Roy B. Johnson and Malcolm Quick, Asst. Attys. Gen., Austin, William H. Kugle, Jr., Athens, for appellant.

Joe Tunnell, Boulter, Fowler & Tunnell, Tyler, W. B. Fields, Fields & Fields, Athens, for appellee.

MOORE, Justice.

The Texas State Board of Medical Examiners, acting under the provisions of Articles 4505 and 4506, Vernon's Ann.Civ. St., revoked and permanently cancelled the license to practice medicine of appellee, Clifford Haynes, M.D. The order of the Board was as follows:

"On this 21st day of June, 1963, came on to be heard before the Texas State Board of Medical Examiners, duly in session, a certain complaint filed with the Board on the 31st day of May, 1963, in which it was complained that Clifford Haynes, M.D. of Malakoff, Henderson County, Texas, had violated the provisions of Sub-Divisions (4) and (5) of Article 4505, Revised Civil Statutes of Texas, 1925, as amended, in that said Clifford Haynes, M.D., initiated a course of conduct in connection with his professional medical practice in Malakoff, Henderson County, Texas from January 1, 1960 through March, 1962, wherein, during such period of time, in the Haynes Hospital, Malakoff, Henderson County, Texas, the said Clifford Haynes, M.D. has committed certain acts of oral sodomy on a minor male patient, and certain acts of fondling of the private parts of a minor male patient; such acts resulting in a violation of the above referenced Sub-Divisions (4) and (5) of Article 4505, Revised Civil Statutes of Texas, this constitutes grounds for the cancellation, revocation or suspension of the license to practice medicine in the State of Texas by Clifford Haynes, M.D.; and the said Clifford Haynes, M.D. having appeared in person with his attorneys, Mr. Joe Tunnell of Tyler, Texas, and Mr. W. B. Fields, of Athens, Texas; and the Board having first considered respondent Clifford Haynes' motion to dismiss, special exception to the Board's affidavit and general denial and having found that same should be and each was overruled; and the said

charges and complaint having been read, and the evidence on said charges having been introduced and heard, and after consideration of the charges and the evidence, the Board is of the opinion that the charges contained in the complaint are true, therefore

"IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED, that the license to practice medicine within the State of Texas, heretofore held by Clifford Haynes, M. D., is revoked and cancelled.

"Rendered and entered this 21st day of June, 1963."

The statutes set out several grounds for the cancellation of a license. Among them is Section (4) of Article 4505:

"Grossly unprofessional or dishonorable conduct, or a character which in the opinion of the Board is likely to deceive or defraud the public."

The provisions of Article 4506 provide for appeal from the orders of the Board as follows:

" * * * The proceeding on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court, and which appeal shall be taken in any District Court of the county in which the person whose certificate of registration or license is involved, resides. * * * "

Haynes appealed from the order of cancellation and filed suit in the District Court of Henderson County, seeking to permanently enjoin the Board from enforcing the order. The appellant Board answered alleging that there was substantial evidence to support the Board's order and affirmatively alleged that Haynes had, at various times during 1960 and 1962, committed various acts of oral sodomy on four minor male patients as well as fondling their private parts, which acts were such as to constitute grossly unprofessional and dis-

honorable conduct or a character which was likely to deceive or defraud the public, in violation of Article 4505, supra.

Prior to the trial, the appellant Board filed a motion requesting that the trial be conducted in accordance with the substantial evidence rule. The court overruled the motion and ordered the case tried pursuant to the appeal provisions of Article 4506 which require that the proceedings on appeal shall be in the nature of a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court. Under the ruling of the trial court, the burden of sustaining its order was thus placed on the Board. A jury having been waived, trial was before the court sitting without a jury. The Board tendered the testimony of four minor male patients, each of whom testified that Haynes at various times had committed certain acts of oral sodomy upon them. Their sworn testimony was fully developed before the court. It is not necessary nor would not be in good taste to set out the details of the shocking testimonies contained in the record. It is sufficient to say that the testimony of each of the four witnesses adequately raised the issues upon which the charges were based.

Testifying in his own behalf, the doctor denied any act of improper conduct with any of the minor male patients.

At the conclusion of the trial, the court rendered judgment for the appellee Haynes setting aside the order of the Board and perpetually enjoined and restrained the Board from enforcing or attempting to enforce or effectuate its order, to which ruling the Board prosecuted this appeal.

█ Appellant, by two points of error, contends that the judgment should be reversed because the trial judge refused to order that the trial be conducted under the substantial evidence rule and that the trial court erred in granting judgment for appellee because there was substantial evidence to support the Board's administrative order.

This cause was tried, appealed and briefed in this court prior to the announcement of the recent decision of the Supreme Court in Scott v. Texas State Board of Medical Examiners, Tex., 384 S.W.2d 686. In view of this decision the substantial evidence rule obviously has no application to the facts presented here and therefore appellant's points of error must be overruled.

In that case the Board had cancelled Scott's license after having found that he had prescribed narcotic drugs for known addicts and had prescribed narcotic drugs for patients having no medical need therefor. Upon appeal Scott took the position that Article 4506 requires that he be afforded a full trial de novo, while the Board contended that the cause should have been tried under the substantial evidence rule. In construing the appeal provision of the statute, the Supreme Court held:

> "In the type of appeal thus required the court tries the issues anew. The burden of proof in sustaining the order is upon the administrative agency. Whether by the court or a jury, fact questions are resolved by a preponderance of the evidence. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); State by and through State Board of Morticians v. Cortez, 160 Tex. 532, 333 S.W.2d 839 (1960); Key Western Life Insurance Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839 (1961)."

Citing also Rockett v. Texas State Board of Medical Examiners, 287 S.W.2d 190, (C.C.A.1956, writ ref. n. r. e.); Watt v. Texas State Board of Medical Examiners, 303 S.W.2d 884 (C.C.A.1957, writ ref.); Jacobi v. Texas State Board of Medical Examiners, 308 S.W.2d 261 (C.C.A.1957, writ ref. n. r. e.); and Texas State Board of Medical Examiners v. McClellan, 307 S.W.2d 317 (C.C.A.1957, writ ref. n. r. e.).

Accordingly, we hold that in the type of appeal involved here, the statute requires that the issues be tried anew. The trial court correctly followed this procedure. The administrative agency had the burden of convincing the trier of the fact, not only that misconduct had occurred, but also that such conduct was of such character as would be likely to deceive or defraud the public. Texas State Board of Medical Examiners v. Koepsel, 159 Tex. 479, 322 S.W.2d 609 (1959). The judgment rendered by the trial court is tantamount to finding that appellant failed to discharge its burden of proof.

The appellant did not request findings of fact and conclusions of law, but chose to appeal without the benefit of such findings. There are no assignments complaining of the lack or insufficiency of the evidence, yet appellant contends in argument that this court is authorized to reach a conclusion contrary to that of the trial judge.

It is settled law that where no findings of fact or conclusion of law have been filed by the trial court, the appellate court must presume that the trial court found all facts in favor of its judgment to be true, and will be bound by such findings, if there is any evidence of probative force in the record to support the same; and that the court on appeal will not substitute its opinion with respect to the credibility of the witnesses and the weight of the evidence for that of the trial court. Rosenberg v. Levin, 181 S.W.2d 832 (Tex.Civ. App.), 1944, err. ref.; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The judgment of the court below is affirmed.