James F. HULL, Appellant,

v.

TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY, Appellee.

No. 169.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 6, 1968.

Dougal C. Pope, Houston, for appellant.

Kirk Kuykendall, Crawford C. Martin, Atty. Gen., of Texas, Nola White, First Asst. Atty. Gen., A. J. Carubbi, Jr., Executive Asst. Atty. Gen., J. C. Davis, Malcolm L. Quick, Asst. Attys. Gen., Austin, for appellee.

TUNKS, Chief Justice.

The appellant, James F. Hull, is a Certified Public Accountant, having been certified pursuant to the terms of Art. 41a, Vernon's Ann.Tex.Civ.St., the Public Accountancy Act of 1945, as amended. On September 1, 1966, appellant was convicted in the United States District Court for the Southern District of Texas of aiding and counseling in the preparation and presentation of false and fraudulent income tax returns, in violation of Title 26, U.S.Code, Sec. 7206(2). Such offense is a felony.

The Public Accountancy Act of 1945 created the appellee, the Texas State Board of Public Accountancy (hereinafter sometimes called Board) and empowered it to issue certificates authorizing applicants to practice the accounting profession as certified public accountants and to issue permits to practice as public accountants. The Act makes it unlawful to so practice such profession without such a certificate or permit. The Act also authorizes the Board upon stated grounds, including the conviction of a felony, to enter its disciplinary order revoking, or suspending for not longer than five years, its certification or permit, or reprimanding the guilty accountant. On August 12, 1967, the Board, after notice to appellant and a hearing, entered its order suspending appellant's certificate as a Certified Public Accountant and his permit to practice public accountancy for a period of 30 months. On September 8, 1967, appellant filed suit in the District Court of Harris County, Texas, naming the appellee as defendant therein, reciting the issuance of the disciplinary order and asking that it be set aside and that judgment be entered that plaintiff (appellant) has the right to practice his profession as a Certified Public Accountant.

The appellee, defendant in the trial court, having answered appellant's petition, filed a motion for summary judgment. In support of its motion appellee filed a certified copy of the proceedings in the federal court by which appellant was convicted of a felony and an affidavit of an employee of the Board reciting that notice had been given appellant, that a hearing had been had resulting in a unanimous decision of the Board to suspend appellant and attaching a copy of the order of suspension. In the prayer in its motion for summary judgment appellee asked, " * * * that Summary Judgment in its favor be entered, disposing of this cause of action, and that Plaintiff take nothing by his suit * * *."

The appellant did not file any affidavit in opposition to appellee's motion for summary judgment but filed an answer to it stating:

"The Plaintiff is entitled to a trial de novo in this cause before this court or jury on the trial of this case. The Plaintiff may be reprimanded or his Certified Public Accountant certificate may be revoked or suspended for any period not to exceed five years. Therefore, the Plaintiff is entitled to a trial on this matter."

The trial court granted the motion for summary judgment. The judgment rendered by the trial court, after formal recitations, is in the following language:

"It is therefore ORDERED, ADJUDGED and DECREED that the Defendant's motion for summary judgment be, and it is hereby, granted, and judg-

ment is entered that the Plaintiff take nothing by his cause of action and the Order of the Texas State Board of Public Accountancy, dated August 12, 1967, is in all things hereby affirmed, and the period of suspension of certificate of James F. Hull, as determined by the aforesaid order, shall commence upon the date that this judgment shall become final and extend for a period of thirty (30) months therefrom."

■ The Public Accountancy Act of 1945, as amended, at Sec. 23(i) provides that one adversely affected by the Board's order, rule or decision, may file a petition in the district court of the county of his residence setting forth his objection to the Board's action. It is provided that, when such petition is filed, "The case shall be tried as other civil cases. The cause shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the justice court to the county court."

Appellant's first complaint as to the trial court's action is based on the proposition that he has been denied a trial de novo on an undetermined fact issue, namely, the nature and extent of the disciplinary action that should be taken against him. We sustain the appellant's contention in this regard. The trial court erred in rendering judgment merely affirming the action of the Board without hearing evidence and finding, as a fact, whether appellant's certificate and permit to practice accountancy should be revoked, or whether they should be suspended, and, if so, for how long, or whether appellant should only be reprimanded.

■ The Legislature, in providing for redress to one aggrieved by an order of the Texas State Board of Public Accountancy, authorized a *trial de novo* in the District Courts, not a *review* of the Board's action. This conclusion necessarily results from the fact that the statute describes the trial to be had in the District Court as being "de novo to the same extent as now provided for in the case of an appeal from the justice court to the county court."

In characterizing such a trial, the Supreme Court, in Southern Canal Co. v. State Board of Water Eng., 159 Tex. 227, 318 S.W.2d 619, 622, said:

"In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 692, we said: 'Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court.' The sine qua non of a de novo trial as that term is used to describe a retrial of a matter or controversy theretofore tried by another tribunal is the nullification of the judgment or order of the first tribunal and a retrial of the issues on which the judgment or order was founded. When jurisdiction of the second tribunal attaches, the judgment or order of the first tribunal is not merely suspended, but is nullified. Examples of that type of trial are found in our statutes applicable to appeals from Justice Court judgments and from awards made by the Industrial Accident Board."

■■ Thus, the District Court here had no order of the Board to be "affirmed." The Board's order of August 12th became a nullity upon appellant's filing his petition in the District Court. The entire matter of the proceeding against him, not only his being subject to the discipline but also the nature of the discipline to be imposed, had to be tried anew. The appellee established, as a matter of law, that appellant was liable to be disciplined by showing his conviction of a felony, but that did not remove all fact issues from the case. Art. 41a does not specify the discipline to be imposed upon an accountant in a particular case, but rather prescribes alternative penalties that may be imposed. Obviously, from the language of the Statute, the Legislature intended that the penalty to be imposed in a particular case be determined factually, on the basis of relevant evidence heard by the trier of

the facts. The trial court here erred in declining to hear such evidence and in simply undertaking to "affirm" the Board's determination of the proper discipline for this accountant. Scott v. Texas State Board of Medical Examiners (Tex.Sup.Ct.), 384 S.W.2d 686; State by and through State Board of Morticians v. Cortez, 160 Tex. 532, 333 S.W.2d 839; Harter v. Curry, 101 Tex. 187, 105 S.W. 988; Texas State Board of Medical Examiners v. Haynes, 388 S.W.2d 258, no writ hist.; Patterson Produce Co. v. Tombs, Tex.Civ.App., 14 S.W.2d 959, no writ hist.

■ Appellant's third point of error is in the following language:

"THE PUBLIC ACCOUNTANCY ACT OF 1945 AS AMENDED IN 1961 IS UNCONSTITUTIONAL AS IT DOES NOT DEFINE THE PRACTICE OF PUBLIC ACCOUNTANCY."

On the basis of that point of error appellant seeks reversal of the trial court's judgment and our rendition of judgment in his behalf.

Appellant is correct in his statement that there is no definition of the term "practice of public accountancy" in Art. 41a. However, there is also nothing in the Act that prohibits the "practice of public accountancy," as such.

When Art. 41a was enacted in 1945, it defined "Practice of Public Accountancy" at Sec. 2(a) as follows:

"A person engages in the 'practice of public accountancy' within the meaning of this Act who, holding himself out to the public as a public accountant, in consideration of compensation received or to be received by him, offers to perform or does perform, for other persons, services which involve the auditing or examination of financial transactions, books, accounts, or records, or the preparation of, or the reporting over his signature on, financial, accounting, and related statements."

It then provided at Sec. 8, as follows:

"No person shall engage in the practice of public accountancy in this State unless such person is the holder of a valid permit to practice public accountancy, issued by the Board. As amended Acts 1951, 52nd Leg., p. 621, ch. 369, Sec. 3."

In 1961, the Act was amended and the definition of "Practice of Public Accountancy" was omitted. At the same time Sec. 8 of the Act was amended so as to omit the general prohibition of the practice of public accountancy, as such, without a valid permit. Instead, Sec. 8 as amended in 1961, prohibits the doing of specified acts without a permit. That Sec. 8 as amended clearly spells out the conduct for which a permit is required and, in our opinion, clearly meets the requirements as to definiteness and certainty in order to render it constitutional. Appellant's third point of error is overruled.

The other points of error relate to the form of the order of suspension and to the conduct of the hearing before the Board. In view of our holding that the Board's order was annulled by the filing of the petition in the trial court, we consider it unnecessary to discuss those points.

The judgment of the trial court is reversed and the case is remanded for trial de novo.