USLIFE LIFE INSURANCE COMPANY OF TEXAS, Appellant,

v.

STATE BOARD OF INSURANCE et al., Appellees.

No. 12250.

Court of Civil Appeals of Texas, Austin.

July 16, 1975.

Rehearing Denied Sept. 24, 1975.

Royce R. Till, Fulbright & Jaworski, Houston, Paul D. Connor, Flahive & Ogden, Austin, for appellant.

John L. Hill, Atty. Gen., John W. Odam, Jr., Asst. Atty. Gen., Austin, for State Board of Insurance.

Will D. Davis, Heath, Davis & McCalla, Austin, J. Robert Sheehy, Sheehy, Lovelace & Mayfield, Waco, for U. S. Life Ins. Co.

SHANNON, Justice.

The principal inquiry in this cause concerns the placement of the burden of proof in an appeal from an order of the State Board of Insurance to district court pursuant to Tex.Ins.Code Ann. art. 1.04(f).

Appellant, USLife Life Insurance Company of Texas, filed suit in the district court of Travis County to set aside the order of the State Board of Insurance which denied appellant's application for a change of name. After withdrawing the case from the jury, the court entered judgment which, in effect, affirmed the order of the State Board of Insurance. Appellees are the State Board of Insurance and the U. S. Life Insurance Company. We will affirm the judgment of the district court.

In its trial petition appellant pleaded that it was a legal reserve life insurance company, domiciled in Texas. Before 1973, appellant's corporate name was "Great National Life Insurance Company." Appellant is a part of the USLife Corporate system which maintains affiliate operations in many states. Appellant alleged further that "USLife" is a coined word and is displayed in advertising of the various companies within the USLife Corporate System. The parent USLife Corporation and its fifteen subsidiaries, which have adopted the US-Life name, have spent much effort and expense in establishing and publicizing that name.

In September of 1972, appellant, desirous of changing its name to reflect its affiliation with the USLife Corporation, filed a name reservation with the State Board of Insurance requesting the reservation of the name "USLIFE Life Insurance Company of Texas." The said reservation was granted, but it expired by the terms of the applicable statute one hundred-twenty days later in January, 1973. Appellant requested an extension which was granted, but appellant

again permitted that name reservation to expire one hundred-twenty days later in May, 1973. Appellant again requested the name reservation, but the Commissioner of Insurance denied the request with the explanation that the name reservation must be relinquished for a period of at least thirty days. After the expiration of thirty days, appellant filed anew its request for the name reservation which the Commissioner of Insurance granted on August 14, 1973. To effectuate its change of name, appellant had to amend its articles of incorporation and its certificate of authority. On September 14, 1973, the Commissioner of Insurance approved appellant's charter amendment, and he approved appellant's application for an amended certificate of authority on October 4, 1973.

In its responsive pleading, U. S. Life Insurance Company alleged that by February of 1973, it had lodged a protest with the Board authorities concerning appellant's name reservation for the stated reason that the proposed name was likely to mislead the public. Appellee U. S. Life Insurance pleaded further that it had owned and used its name for twenty-five years and that its name was a valuable asset and right. Both appellees averred that because of appellant's "numerous filings and lapsing thereof" the protest ". . . was not brought forward into the file upon which action was taken by the personnel of the State Board of Insurance, and the said charter amendment was granted inadvertently by the said Board."

On October 5, 1973, counsel for appellee company learned of the entry of the order of the Commissioner approving the amendment of appellant's certificate of authority. On October 12, 1973, appellee company filed with the Commissioner of Insurance its application for reconsideration of his orders. On the same date, appellee company perfected its appeal of the Commissioner's orders to the State Board. In connection with the appeal of those orders, appellee company requested that the Board defer action on its appeal until the Commissioner

of Insurance had been given an opportunity to pass on its application for reconsideration.

After hearing upon appellee's request for reconsideration, the Commissioner found that he ". . . was not at the time of his initial approval of the name 'USLIFE Life Insurance Company of Texas' administratively advised of the protest filed [by appellee] to the granting and use of the name." In addition, the Commissioner found that appellant's requested name ". . . to be so similar to that of another insurance company as to be likely to mislead the public . . ." Based upon the evidence presented at the hearing, the Commissioner by order dated November 21, 1973, withdrew his approval of appellant's proposed name and "reversed and voided" his former orders.

Appellant then appealed the Commissioner's order of November 21 to the State Board of Insurance. After hearing, the State Board entered its order on March 8, 1974, which found that ". . . the action of the Commissioner previously taken [the order of November 21, 1973] and which was appealed from, was the correct action in the matter, and it does therefore, uphold and approve the ruling of the Commissioner." It was the order of the State Board of Insurance, dated March 8, 1974, that appellant appealed to district court.

At the trial of the case, appellant's position was that appellee had the burden of proof because the law provides for a *de novo* appeal from the orders of the State Board of Insurance, and in accordance with that position appellant refused to go forward with the evidence.

Judgment was entered for appellee. The judgment recited, among other things, that ". . . the Plaintiff [appellant] having the burden of proof, opened but put on no evidence and immediately rested, and the Court, on its own Motion, having withdrawn the case from the jury, and the Court . . . finds that, as a matter of law, the Plaintiff, USLIFE LIFE INSUR-

ANCE COMPANY OF TEXAS, failed to meet its burden of proof to show that the names are not so similar as to be likely to mislead the public." The judgment provided further that as a matter of law the name USLife Life Insurance Company of Texas was so similar to U. S. Life Insurance Company so as to be likely to mislead the public.

Appellant assails the judgment by many points of error. The disposition of the appeal, however, is controlled by the points of error one and two which state: (1) the court erred in placing the burden of proof upon appellant, because the law provides for a *de novo* appeal from orders of the State Board of Insurance, and (2) the court erred because appellees had the burden of proof and failed to meet that burden.

Appellant's argument is that the appellees had the burden of proof in the trial court to show that the proposed name is so similar to that of another company as to be likely to mislead the public, and that because appellees introduced no evidence, the court should have entered judgment in appellant's favor.

In support of its position, appellant says that upon entry of the orders by the Commissioner approving the amendment of its articles of incorporation and its certificate of authority, appellant acquired a vested right to employ the name, "USLIFE Life Insurance Company of Texas." The appeal to district court nullified the final order of the State Board of Insurance dated March 8, 1974, and appellant claims that the appeal had the effect of "reinstating" appellant's right to the name. As authority appellant relies primarily upon *Scott v. Texas State Board of Medical Examiners*, 384 S.W.2d 686 (Tex.1964), *Cortez v. State Board of Morticians*, 306 S.W.2d 243 (Tex. Civ.App.1957), writ dism'd w. o. j., 157 Tex. 649, 308 S.W.2d 12 (Tex.1957), *State Board of Medical Examiners v. Mann*, 413 S.W.2d 382 (Tex.1967), and *Texas State Board of Medical Examiners v. Haynes*, 388 S.W.2d 258 (Tex.Civ.App.1965, no writ).

■ Appellant's argument refuses to recognize two corollaries to the propositions asserted by it: (1) upon the entry of the orders of the Commissioner approving the amendment of appellant's articles of incorporation and certificate of authority, appellant acquired a right to employ the applied-for name *subject to the right of aggrieved parties to appeal to higher administrative authority and finally to the courts*, and (2) upon *de novo* appeal to the district court *all* of the administrative proceedings were "nullified."

■ The entry of the Commissioner's orders approving the amendment of appellant's articles of incorporation and certificate of authority were subject to the appellee company's right of appeal to higher administrative authority and the courts. Before appellant could gain any right to the name applied for, the formal action of the agency authorities must have become final and effective. The appellee company's applications for reconsideration and appeal filed with the Commissioner and the State Board of Insurance, respectively, prevented the Commissioner's action from becoming final and effective.

Rule 40 of the "Rules of Practice and Procedure before the State Board of Insurance and the Commissioner of Insurance" provides in part that, "Any party aggrieved by an action of the Commissioner of Insurance may request a rehearing." Rule 28 of those Rules provides, among other things, "Any person or party aggrieved by a final order or ruling entered without hearing may, within 20 days from notice or knowledge of such order or ruling, demand hearing, and such hearing will be granted. For good cause shown, the Commissioner may grant a hearing even though demand is not made within such 20-day period." As previously stated, on October 12, 1973, appellant requested a reconsideration of the Commissioner's order. The motion for reconsideration was filed within twenty days of the entry of the order amending the certificate of authority, and under Rule 28, the Commissioner was permitted to reconsider the

order amending appellant's articles of incorporation though filed more than twenty days from September 14, 1973.

With respect to appeals from the orders of the Commissioner to the State Board of Insurance, Rule 22 provides, "Appeals to the Board for review of actions of the Commissioner of Insurance must be made within 30 days from the date of the writing evidencing the official action or order complained of, but for good cause shown, the Board may allow an appeal after that date." On the same date, October 12, 1973, when it filed its motion for reconsideration with the Commissioner, appellee appealed the Commissioner's order to the Board. By the terms of Rule 22 the Board could consider both orders of the Commissioner. But it was not necessary for the Board to consider those orders because the Commissioner set aside his former orders on November 21, 1973. Appellant then appealed the order of that date to the Board, and as noted previously, the Board affirmed the Commissioner's order on March 8, 1974.

Upon an appeal of an administrative order to the district court for a trial *de novo* the administrative order is nullified. *Southern Canal Co. v. State Board of Water Engineers,* 318 S.W.2d 619 (Tex.1958), *State Board of Medical Examiners v. Mann, supra, State Board of Insurance v. Republic Nat. Life Ins. Co.,* 384 S.W.2d 369 (Tex.Civ. App.1964, writ ref'd n. r. e.). Manifestly, the same principal of law requires that in a *de novo* appeal, not only the final order of the agency is nullified, but also all of the preceding intra-agency proceedings are nullified.

■ Tex.Ins.Code Ann. art. 3.02 § 1(2) is concerned with the problem of name-similarity in insurance companies. That section provides in part ". . . the name selected shall not be so similar to that of any other insurance company as to be likely to mislead the public." Appellant had the burden in the agency proceedings to demonstrate that the name it selected was not so similar to that of any other insurance com-

pany so as to be likely to mislead the public. Likewise, in the trial *de novo* in district court, appellant had the burden of demonstrating the lack of similarity of the proposed name to that of appellee insurance company.

Appellant's cases, *Scott v. Texas State Board of Medical Examiners, supra, Cortez v. State Board of Morticians, supra, State Board of Medical Examiners v. Mann, supra,* and *Texas State Board of Medical Examiners v. Haynes, supra,* are not contrary to our holding. In each of those cases there was involved an effort by an agency to revoke or suspend an *existing* license of a physician or mortician. In each of those cases the regulatory agency had the burden in the administrative hearing to establish its case. Upon appeal of the administrative order to the district court for trial *de novo,* the agency, similarly, had the burden of establishing its case.

Unlike the parties in the license revocation cases, appellant had no existing right to the proposed name at the commencement of the administrative proceedings. The only "right" appellant ever received was conferred by the September and October orders of the Commissioner, and that "right" was subject to appellee's right of reconsideration by the Commissioner and appeal to a higher administrative tribunal and to the courts. On reconsideration appellee was successful in obtaining a favorable order which the State Board sustained. Upon appeal to the district court for a *de novo* trial, *all* of the agency orders, conferring any and all "rights," were nullified, and all issues were to be determined anew.

The judgment is affirmed.

Affirmed.

O'QUINN, J., not participating.