## COMMERCIAL LIFE INSURANCE COMPANY, Appellant,

v.

## TEXAS STATE BOARD OF INSURANCE, Commercial Life & Accident Insurance Company, Bankers Commercial Life Insurance Company and Commercial National Life Insurance Company, Appellees.

### No. 3–90–148–CV.

Court of Appeals of Texas, Austin.

April 10, 1991.

Rehearing Overruled June 5, 1991.

---

Hector De Leon, De Leon, Boggins & Richards, Austin, for appellant.

Jim Mattox, Atty. Gen., Fred I. Lewis, Asst. Atty. Gen., Austin, for Texas State Bd. of Ins.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for Commercial Life & Acc. Ins. Co., Bankers Commercial Life Ins. Co. and Commercial Nat. Life Ins. Co.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellant, Commercial Life Insurance Company ("Commercial") sued in district court for judicial review of a final order issued by the Texas State Board of Insurance ("the Board") in a contested case. The district court, over Commercial's objection, held that the proper method of review for the Board's order was substantial evidence rather than trial de novo and preponderance of the evidence. The district court declined, after its substantial evidence review, to reverse the Board's order. Commercial appealed to this Court. We will reverse the district court's judgment and remand the cause to that court.

## THE CONTROVERSY

Commercial, a foreign corporation, applied to reserve the name "Commercial Life Insurance Company" in connection with Commercial's intention to obtain a corporate charter issuable by the Board under Tex.Ins.Code Ann. arts. 3.02 and 3.04 (Supp.1991). The Commissioner of the Board ("Commissioner") granted Commercial's name reservation. Commercial's name reservation was protested by appellees Commercial Life & Accident Insurance Company, Bankers Commercial Life Insurance Company, and Commercial National Life Insurance Company, all of which appealed the Commissioner's ruling to the Board. The Board denied the name reservation desired by Commercial on the statutory ground that the name "Commercial Life Insurance Company" was so similar to that of other insurance companies as to be likely to mislead the public. Tex.Ins.Code Ann. art. 3.02, § 1(2) (Supp.1991). Commercial sued for judicial review of the Board's order, as authorized by Tex.Ins. Code Ann. art. 1.04(f) (1981), which provides that such causes of action "shall be tried and determined upon a trial de novo"

and, moreover, "the substantial evidence rule shall not apply." [1]

The opposing insurance companies and the Board first moved in district court for dismissal of the cause on the ground that Commercial had not filed with the Board a timely motion for rehearing.[2] Initially, the trial court dismissed the cause on that basis, a judgment we previously affirmed. The supreme court, however, reversed our judgment and remanded the cause to the district court for further proceedings. *See Commercial Life Ins. v. Bd. of Ins.*, 774 S.W.2d 650 (Tex.1989).

Following remand, the district court refused Commercial's application for a trial de novo and then rendered judgment, based on the record compiled at the Board, sustaining the Board's order on the ground that it was supported by substantial evidence. From that judgment, Commercial appeals to this Court on three points of error.

## DISCUSSION AND HOLDING

■ In its first point of error, Commercial contends that the trial court erred in affirming the Board's order on the basis of a substantial evidence scope of review, arguing that "the law under which review is sought," article 1.04(f) of the Insurance Code, expressly provides for judicial review by trial de novo. Texas Administrative Procedure and Texas Register Act ("APTRA"), Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (Supp.1991).[3] The Board con-

---

1. Article 1.04(f) of the Insurance Code provides that "any insurance company or other party at interest" may sue in a district court of Travis County for judicial review of "any decision, regulation, order, rate, rule, act or administrative ruling adopted by the State Board of Insurance." The statute spells out, moreover, the authorized scope of review allowed the district court in its adjudication of the statutory cause of action:

   The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such actions shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the Justice Court to the County Court.

   Tex.Ins.Code Ann. art. 1.04(f) (1981).

2. Hereinafter all appellees will be referred to collectively as "the Board" because of their posture in this appeal.

3. Section 19 of APTRA does not dictate whether review shall be by trial de novo or under the substantial evidence rule; rather, § 19 spells out the *procedures* by which judicial review is governed, according to whether the legislature has authorized the court to review the agency decision by trial de novo or under the substantial evidence rule. The procedures may be summarized as follows:

   *Trial de novo.* The filing of the plaintiff's petition for review *vacates* the agency decision made previously in the contested case, and the reviewing court may not receive evidence showing that the agency has made a decision or what that decision was. Because the agency decision is vacated, the reviewing court must necessarily determine anew any controverted questions of fact or law, with the assistance of a jury, regarding any issues of fact, where a jury determination would be available in other civil suits in the state. That

is to say, the "scope of review" allowed the court is co-extensive with that of the agency. APTRA § 19(b)(3), (c), (e).

   *Substantial evidence review.* This manner and scope of review is referred to in § 19 by an awkward expression: review "other than by trial de novo." Where the legislature has expressly provided for review under the "substantial evidence" rule, or where it has authorized judicial review but failed to specify a scope of review, the following procedures apply to govern the reviewing court: The filing of the plaintiff's petition does *not* vacate the agency decision in the contested case under review. The agency must file in the court the original or a certified copy of the entire record of agency proceedings, and the court's review is confined to the agency record. The court may not receive any other evidence except on application when such additional evidence is necessary to show procedural irregularities not reflected in the agency record. A jury has no function because the scope of review allowed the court is limited to specified *questions of law*, and the court is expressly enjoined not to substitute its own judgment for that of the agency as to the weight of the evidence. The court may reverse the agency decision only if it determines that "substantial rights" of the plaintiff have been "prejudiced" by agency determinations that are:

   (1) in violation of constitutional or statutory provisions;

   (2) in excess of the statutory authority of the agency;

   (3) made upon unlawful procedure;

   (4) affected by other error of law;

   (5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

   (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

tends article 1.04(f) is unconstitutional in its mandate for a trial de novo, insofar as the present controversy is concerned. It argues that the issue in controversy—whether the name "Commercial Life Insurance Company" is so similar to that of other insurance companies as to be likely to mislead the public—invokes "legislative" or political considerations and policies which lie outside the judicial power conferred upon the courts of this state. Thus, the Board contends that article 1.04(f) of the Insurance Code violates the separation of powers requirement in Tex. Const. Ann. art. II, § 1 (1984), if it is interpreted to require a trial de novo in the present case, as opposed to a substantial evidence scope of review based on the agency record and limited to the questions of law listed in APTRA § 19(e)(1)–(6).

The supreme court rejected this identical argument, in relation to article 1.04(f) itself, in *Key Western Life Ins. Co. v. State Board of Insurance,* 163 Tex. 11, 350 S.W.2d 839 (1961). In *Key Western,* the trial court used the substantial evidence scope of review in reviewing a Board ruling that denied approval of an insurance policy form because it contained provisions which "encouraged misrepresentation" and were "unjust, unfair, inequitable, misleading, deceptive, or contrary to the public policy of this state" in violation of 1957 Tex.Gen. Laws, ch. 501, § 1, at 1464 [Tex.Ins.Code Ann. art. 3.42(f), since amended]. *Key Western,* 350 S.W.2d at 841. On appeal, the supreme court held that the proper scope of review as mandated by article 1.04(f) of the Insurance Code was by trial de novo. We believe the holding of *Key Western* controls the disposition of the present case.

In *Key Western,* the Board made exactly the same argument that it does in the present case. The Board argued that the determination of whether the policy form contained provisions which violated article 3.42(f) was a legislative function, and thus could only be reviewed on appeal under the substantial evidence rule. The Board argued that a review of its decision by trial de novo would violate the separation of powers clause of the Texas Constitution. The supreme court unequivocally rejected this argument and held that the determination made by the Board was a quasi-judicial function which was reviewable on appeal by a trial de novo under the preponderance of the evidence rule. *Id.* at 849.

In this case, the Board argues that name similarity decisions are constitutionally required to be reviewed under the substantial evidence test because these decisions are an administrative function of the agency and because name similarity among insurers, with its potential to deceive consumers, affects the public as a whole. The Board attempts to undermine *Key Western* by relying on a number of bank and savings and loan cases involving a completely different statutory scheme and judicial analysis.[4] We consider these cases to be inapposite. Thus, we will employ the same analysis used by the supreme court in *Key Western* and its progeny.

■ The supreme court noted in *Key Western* that it was obliged, if possible, to construe the de novo review mandate in § 1.04(f) "in such a way as to avoid repugnancy to the Constitution." 350 S.W.2d at 849. In determining the constitutionality of the review statute the courts must con-

---

APTRA § 19(b)(3), (d), (e). That is to say, the scope of review allowed the court is limited to the preceding six questions of law coupled with the inquiry of whether any such error has prejudiced the substantial rights of the plaintiff.

Section 19 of APTRA does not specify *which* scope of review shall apply on judicial review in any particular case; instead, it refers to the statutory provisions which authorize judicial review in the first instance, as article 1.04(f) of the Insurance Code does in the present case. For example, APTRA § 19 states: "[t]he scope of review of agency decisions is as pro-

vided by the law under which review is sought," but if that law "does not define the scope of judicial review" then review shall be under the substantial evidence rule.

4. *See Gerst v. Nixon,* 411 S.W.2d 350 (Tex.1966); *Chemical Bank & Trust Company v. Falkner,* 369 S.W.2d 427 (Tex.1963); *United Sav. Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ. App.1980, writ ref'd n.r.e.); *Lewis v. First Federal Sav. & Loan Ass'n of Dallas,* 524 S.W.2d 783 (Tex.Civ.App.1975, no writ).

sider whether the reviewing court is required to exercise a function that is deemed nonjudicial. An inquiry by a court is nonjudicial and unconstitutional if it looks to the future and changes existing conditions by making a new rule which is to be applied thereafter. However, a court engages in a judicial inquiry if it investigates, declares and enforces liabilities as they stand on present or past facts and under laws already in existence. Thus, the court's action is adjudicatory in nature if its action is particular and immediate rather than general and future. *Id.* at 847.

This analysis leads us to conclude that the Board's action in denying Commercial its name reservation was quasi-judicial and not legislative in nature. Just as the only function of the Board in *Key Western* was to determine whether the form of the policy submitted for its approval met the standards prescribed by article 3.42(f), likewise the Board's only function in this case was to determine whether Commercial's name reservation met the standards prescribed by article 3.02, § 1(2) of the Insurance Code. ·

Finally, the Board suggests that we should abandon the holding in *Key Western* as an aberrational precedent which should no longer be followed. It is our opinion that *Key Western* is sound precedent which continues to be cited and applied not only by this Court but also by the supreme court of this state.[5] We hold, therefore, that article 1.04(f) of the Insurance Code is constitutional as applied in the present case, and that the trial court erred in determining this cause based upon a substantial evidence scope of review, thus denying Commercial a trial de novo.

Because we have sustained Commercial's first point, we will not consider the remaining points of error. *See* Tex.R.App.P.Ann. 90(a) (Pamph.1990). Consequently, we reverse the judgment below and remand the cause to the district court for further proceedings not inconsistent with our opinion.

**5.** *See Texas State Bd. of Health v. Harrison Clinic Hosp.*, 410 S.W.2d 181 (Tex.1966); *Scott v. Texas State Board of Medical Examiners*, 384 S.W.2d 686 (Tex.1964); *Am. Diver. Mut. Life v. Tex. St. Bd. of Ins.*, 631 S.W.2d 805 (Tex.App. 1982, writ ref'd n.r.e.); *USLife Ins. Co. of Tex. v. State Bd. of Ins.*, 527 S.W.2d 204 (Tex.Civ.App. 1975, writ ref'd n.r.e.); *State Board of Ins. v. Republic Nat. Life Ins. Co.*, 384 S.W.2d 369 (Tex. Civ.App.1964, writ ref'd n.r.e.); *State Board of Ins. v. Professional & Bus. Men's Ins. Co.*, 359 S.W.2d 312 (Tex.Civ.App.1962, writ ref'd n.r.e.).