**COMMERCIAL LIFE INSURANCE COMPANY, Appellant,**

v.

**TEXAS STATE BOARD OF INSURANCE and Bankers Commercial Life Insurance Company, Appellees.**

No. 3–93–040–CV.

Court of Appeals of Texas, Austin.

July 7, 1993.

Anthony Icenogle [Signed Brief], DeLeon & Boggins, P.C., Austin, for appellant.

Dudley D. McCalla [Signed Brief], Heath, Davis & McCalla, P.C., Austin, for appellee Bankers Commercial Life Ins. Co.

Dan Morales, Atty. Gen., Mark H. Holland [Signed Brief], Asst. Atty. Gen., Financial Litigation Div., Austin, for appellee Texas State Bd. of Ins.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

In three points of error, Appellant Commercial Life Insurance Company appeals from the trial court's take-nothing judgment based on a jury verdict that the name "Commercial Life Insurance Company" was so similar to those of other insurance companies as to likely mislead the public. We will affirm the trial court's judgment.

### The Controversy

This lawsuit arose from the protest of a name reservation before the State Board of Insurance (the "Board"). In 1983, the Commissioner of the Board granted Appellant's statutory request to reserve the name "Commercial Life Insurance Company." Three insurance companies, Commercial Life & Accident Company, Bankers Commercial Life Insurance Company, and Commercial National Life Insurance Company, appealed the Commissioner's decision to the Board. The Board overruled the decision of the Commissioner and retracted Appellant's name reservation. Appellant sought judicial review in the Travis County district court.

The trial court determined that the scope for review of the Board's decision was substantial evidence. Based on this standard, the trial court conducted a hearing and found against Appellant. On appeal, this Court reversed the decision of the trial court, holding that *de novo* was the proper scope of review. *Commercial Life Ins. Co. v. Texas*

*State Bd. of Ins.*, 808 S.W.2d 552 (Tex.App.—Austin 1991, writ denied).

On remand, a jury trial was held in September 1992,[1] in which testimony was heard from Dr. Isabelle Cunningham, an expert witness; Mr. Anthony Battiloro, Appellant's Vice President; and Mr. Abdnor, Chairman of the Board of Banker's Commercial Life Insurance Company. The jury found that the name "Commercial Life Insurance Company" was so similar to other names as to likely mislead the public.[2] The trial court rendered a judgment on the jury verdict against Appellant on October 1, 1992.

## Sufficiency of the Evidence

### Standard of Review

Appellant contends in its first point of error that the trial court erred in rendering judgment on the jury verdict because there is no evidence to support the jury's finding. Appellant contends in its second point of error that the evidence is factually insufficient to support the jury verdict.

■ In deciding a no-evidence point, we must consider only the evidence and inferences tending to support the finding of the trier of fact and disregard all evidence and inferences to the contrary. *Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 593 (Tex. 1986), *cert. denied*, 111 S.Ct. 135 (1990); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). *See generally* William Powers, Jr. & Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence,"* 69 Tex.L.Rev. 515 (1991); Michol O'Connor, *Appealing Jury Findings*, 12 Hous.L.Rev. 65 (1974). If there is more than a scintilla of probative evidence supporting the finding, we must overrule the point and uphold the finding.

■ When reviewing a jury verdict to determine the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (1986); *In re Estate of King*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986).

### Review of the Evidence

■ Appellant relies on the testimony of Dr. Cunningham, who conducted a study and found that the name "Commercial Life Insurance Company" was not likely to mislead the public. However, Appellees proved on cross-examination that almost thirty percent of the people surveyed by Dr. Cunningham were confused by various companies with the word "Commercial" in their names. Appellees further demonstrated on cross-examination that there were inconsistencies in Dr. Cunningham's testimony.

Appellant also relied on Appellant's Senior Vice President, Mr. Battiloro, who testified that he had no reason to believe that his company's name would be misleading to the public. However, he admitted on cross-examination that policyholders frequently made mistakes when issuing checks to the company. Mr. Battiloro also admitted that Appellant is authorized to offer the same type of insurance that is offered by Bankers Commercial in Texas.

Appellees called the President of Bankers Commercial Life Insurance, Mr. Abdnor, who testified that his company had received numerous documents confusing the name of his company with those of others. Mr. Abdnor identified documents prepared by Appellant's own counsel which confused Appellant's name.

Based on this review of the evidence, we conclude that there is more than a scintilla of evidence to support the jury's verdict. Accordingly, Appellant's first point of error is overruled. When we review the record as a

---

1. Before trial, defendant Commercial Life & Accident Insurance Company settled with Appellant. The trial court granted Appellant summary judgment against Defendant Commercial National Life Insurance Company; therefore, the only Defendants at trial were Bankers Commercial Life Insurance Company and the Board.

2. The issue submitted to the jury was the following: "Is the name Commercial Life Insurance Company so similar to that of any other insurance company as to be likely to mislead the public?" The jury responded affirmatively.

whole, we conclude that the evidence is factually sufficient to support the jury's verdict. Accordingly, Appellant's second point of error is also overruled.

### Appellant's Requested Instruction

### Standard of Review

In its third point of error, Appellant argues that the trial court erred in failing to submit an instruction regarding the Board's standards for approval of insurance company names.

■ Rule 277 of the Texas Rules of Civil Procedure requires that a court submit such instructions that are proper in enabling the jury to make a just decision. A trial court is only required to submit explanatory instructions and definitions for legal and technical terms. *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 868 (Tex.Civ.App.—Corpus Christi 1980, no writ). Otherwise, special instructions should be submitted when, in the sole discretion of the judge, they will help the jury in making its determination. *Southern Pac. Transp. Co. v. Garrett*, 611 S.W.2d 670, 674 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ The trial court has considerable discretion in determining what jury instructions are necessary and proper. *Eoff v. Hal & Charlie Peterson Found.*, 811 S.W.2d 187, 192 (Tex.App.—San Antonio 1991, no writ); *Ortiz*, 611 S.W.2d at 868. In deciding whether the trial court has abused its discretion, we may not substitute our judgment for the trial court's, and must determine only whether the trial court's action was arbitrary or unreasonable. *Multi–Moto v. ITT Commercial Fin.*, 806 S.W.2d 560, 567–68 (Tex. App.—Dallas 1990, writ denied).

### Review of the Administrative Hearing

■ Under Texas law, the original administrative order that is the subject of appeal is nullified in a *de novo* proceeding. *State Bd. of Ins. v. Republic Nat'l Ins. Co.*, 384 S.W.2d 369, 372 (Tex.Civ.App.—Austin 1964, writ ref'd n.r.e.). The purpose of a *de novo* trial is to retry the issues on which a previous judgment was founded. *Southern Canal Co. v. State Bd. of Water Eng'rs*, 159

Tex. 227, 318 S.W.2d 619, 622 (1958). Review of an administrative decision by trial *de novo* functions not as a suit for judicial review, but as a new and independent action. *Key Western Life Ins. Co. v. State Bd. of Ins.*, 163 Tex. 11, 350 S.W.2d 839, 846 (1961).

■ Using this rationale, this Court in *Uslife Life Insurance Co. v. State Board of Insurance*, 527 S.W.2d 204 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.), determined that nullification of all of the Insurance Board's administrative proceedings, not merely the judgment, is appropriate in a *de novo* review. *Id.* at 207. The appearance of administrative guidelines in a jury charge would be relevant only if they would help the jury to make a determination.

Appellant requested that Title 28, Section 7.701 of the Texas Administrative Code be included in the jury instructions. However, Appellant did not object to the trial court's instruction that the words "similar," "likely," "mislead," and "public" had the same meanings in this instance that they had in common usage. The jury members were to answer the question submitted to them based on the evidence presented at trial. Section 7.701 merely provides guidelines for an administrative proceeding, and is of little assistance in determining the common usage of the terms "similar," "likely," "mislead," and "public."

In rejecting Appellant's request, the trial court implicitly determined that Section 7.701 would not assist the jury in its determination. It is not an abuse of discretion upon a *de novo* review for the court to allow the jury to consider the question submitted without regard to administrative guidelines. Accordingly, Appellant's third point of error is overruled.

### Conclusion

For the reasons stated above, we affirm the judgment of the trial court.