THE STATE OF TEXAS ACTING BY AND THROUGH THE STATE BOARD OF MORTICIANS v. FRANK G. CORTEZ.

No. A-7326. Decided January 27, 1960.
Rehearing overruled April 20, 1960.
(333 S.W. 2d Series 839)

*Allen Melton* and *George M. Elliott,* of Dallas, for petitioner.

*Albert De la Garza, Jr.,* and *Glenn M. Lacy,* both of San Antonio, for respondent.

MR. JUSTICE GRIFFIN, delivered the opinion of the Court.

This is a suit for an injunction brought in a district court of Bexar County, Texas, by petitioner against respondent. Petitioner alleged that the licenses of respondent, as an embalmer and as a funeral director, had been cancelled by the State Board of Morticians (hereafter called Board) after due hearing. It was further alleged that respondent had appealed from the cancellation orders of the Board to a district court of Bexar County, Texas, and was continuing to operate a funeral establishment and to act as a funeral director and as an embalmer despite the Board's order of cancellation. The Board sought a temporary injunction prohibiting respondent from conducting

his business until the appeal could be heard and disposed of on its merits. Although the cancellation order had been entered on January 21, 1957 and an appeal promptly taken, the cause had not been tried on its merits in the district court at the time of the injunction hearing on July 2, 1958.

When the hearing of the appeal and the order of the Board cancelling Cortez' license first came on for trial, the trial court held that the appeal was controlled by the "substantial evidence" rule and that the burden rested upon Cortez to proceed and make a case showing that the action of the Board was illegal, unreasonable, or arbitrary. Respondent refused to proceed. His position was that the burden was upon the Board to show by a preponderance of the evidence that his licenses should be cancelled. He also contended that on appeal his cause was to be tried "de novo" as in cases of appeal from the justice court to the county court. He further contended that the effect of a de novo appeal was to set aside the order of cancellation entered by the Board and, therefore, his licenses were still in full force and effect and the Board was not entitled to its injunction. The trial court, without hearing any evidence, dismissed the appeal and granted the injunction.

On appeal the Court of Civil Appeals held the cause was not governed by the "substantial evidence" rule; that by virtue of the provisions of Art. 4582b, Sec. 4, Vernon's Annotated Texas Civil Statutes, the trial in district court was a de novo trial; that the judgment of cancellation of respondent's licenses was annulled and set aside, and remanded the cause for a new trial under the de novo rule. 306 S.W. 2d 243.

The Board applied for a writ of error to this Court and we, by a per curiam opinion, 157 Texas 649, 308 S.W. 2d 12, dismissed the application for writ of error because no motion for rehearing was filed in the Court of Civil Appeals and we had no jurisdiction to hear and determine the cause. After remanding the cause to the District Court, the Board sought a temporary injunction against Cortez practicing his profession, and after a hearing, the trial judge refused the temporary injunction and this appeal results. A majority of the Court of Civil Appeals affirmed the trial court's judgment of refusal. 323 S.W. 2d 56. One of the judges dissented on the ground that the former decision that the "substantial evidence" rule did not apply was error, and that this case was governed by the substantial evidence rule. As pointed out by the Court of Civil Appeals in its majority opinion, no question as to the constitutionality of

this section of Art. 4582b was raised in any of the proceedings. Neither is the constitutionality of the statute raised in this Court so we do not pass on that point, but assume, without deciding, that the statute is constitutional.

The controlling point is: Did Cortez' appeal annul and set aside the Board's order cancelling and revoking his licenses as an embalmer and as a funeral director? If the answer is "yes" then the trial court's judgment refusing the temporary injunction is a correct one. We hold that the answer is "yes" and affirm the judgment of the Court of Civil Appeals.

1  The pertinent part of Sec. 4, Art. 4582b in question reads as follows:

"* * * Any licensed funeral director and/or embalmer whose license has been revoked, suspended or renewal refused, or a person to whom the Board has refused to issue a license to which he is entitled, under this Act and/or the rules and regulations of the Board, shall have the right of appeal, from any such decision of the Board, to any District Court in the county in which he resides within thirty days from and after the date the said Board announces its final decision. When any such appeal is perfected the trial thereon *shall be conducted de novo, as in the case of an appeal from the Justice Court to the County Court. * * * ** " (Emphasis added).

That appeal de novo, as in case of an appeal from the justice court to the county court, sets aside and annuls the order of the court or body from which the appeal is taken — in the absence of some saving clause in the language of an act—(see Texas State Board of Medical Examiners v. Watt, Texas Civ. App., 1956, 287 S.W. 2d 559, no writ history) is well settled by the decisions of this Court. Our most recent decision is found in the case of Southern Canal Co. v. State Board of Water Engineers, 1958, 159 Texas 227, 318 S.W. 2d 619(1). With the action of the Board set aside and annulled by respondent's appeal to the district court the Board was not entitled to enjoin respondent from carrying on the business of funeral director and/or embalmer.

The Board contends that it has refused to renew the license of the funeral establishment operated by respondent. The only reason assigned by the Board for the cancellation of the funeral establishment's license was that respondent had no qualified funeral director to operate a funeral establishment as is pro-

vided by Art. 4582b, Sec. 3(c). If respondent still has his license as a funeral director in full force and effect, the Board would have no right to cancel the license of the funeral establishment to operate under the direction of respondent.

**2** · Respondent contends the Board is given no right to require a funeral establishment to secure a license before it can operate. We agree with this contention, Art. 4582b is a comprehensive act covering the qualifications of embalmers, undertakers and funeral directors. It requires a license to practice embalming, or to be a funeral director; it sets the fees which the Board may charge for such licenses, and it empowers the Board to conduct examinations, and otherwise it sets out the qualifications of those seeking to engage in those lines of business, but nowhere does the Act require that a funeral establishment be licensed in order to operate.

The Board which is set up by the Act is an administrative agency and has no power to require a license or payment of a license by a funeral establishment as a prerequisite to its operation. 1 Texas Jur. 2d 652, Sec. 6.

The Board contends that the power to require a license of a funeral establishment is given it by the provisions of the Act (sections 1, 2, (4) (D) and 3) giving power to prescribe rules and regulations pertaining to the operation of all funeral establishments. Kee v. Baber, 1957, 157 Texas 387, 303 S.W. 2d 376, 377. The Board does have the right to prescribe rules and regulations governing the operation of a funeral establishment, but not to require licenses, and Kee v. Baber, supra, does not sustain the power of the Board to require a license.

**3** Although the Act requires that the license of an embalmer and of a funeral director shall be renewed annually, and sets the fee therefor, the Board has refused each tender made by respondent in seeking a renewal of his licenses. Respondent testified, and the witness for the Board admitted, these tenders. Under these facts in this case, it follows that respondent's licenses have not lapsed. Tender was refused because of the pendency of this cause.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 27, 1960.

Motion for rehearing April 20, 1960.