**W. T. POULOS, Appellant,**

v.

**EAGLE PASS INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 4800.**

Court of Civil Appeals of Texas.

Waco.

June 12, 1969.

Rehearing Denied July 10, 1969.

Shafer, Gilliland, Davis, Bunton & Mc-Collum, Selwyn S. Webber, Odessa, for appellant.

Jeremiah I. Rhodes, David Hume, Eagle Pass, Montague & Thurmond, Del Rio, for appellee.

HALL, Justice.

In this lawsuit appellant seeks damages for an alleged breach of a written contract in which he contends the appellee school district, through its board of trustees, employed him as its superintendent for a term of 27 months at a monthly salary of $1,000. The school district contends that the contract is illegal.

The rights of the parties hinge on the regularity of the manner of the calling and holding of a special meeting of the board of trustees at noon on March 25, 1964, and the authority of the trustees in attendance to act in behalf of the district. Four of the seven members of the board were present at the meeting. They voted unanimously to discharge the then superintendent and employ appellant, subject to agreement with appellant as to salary. This action of the board resulted, later that day, in execution of the written contract upon which this suit is founded. Appellant immediately began duties as superintendent.

The trustee election on April 4, 1964, changed the personnel of the board. At a meeting on April 6, 1964, a resolution was passed by the board of trustees discharging appellant on the ground that his contract was "null and void," and his predecessor was reinstated as superintendent.

After unsuccessfuly seeking relief from the board of trustees, appellant appealed to the State Commissioner of Education. After a lengthy hearing the commissioner found and concluded: that all board members received due notice of the meeting held at noon on March 25, 1964; that a quorum was present; that established policies of the board governing procedures for the calling of meetings were not violated in the method of the calling of the meeting; that the call for the meeting was in line with the usual and customary practice of the board; that the quorum of the board present at the meeting had the "legal right to transact business for and in the name of" the district; that the contract of appellant with the district is "valid and enforceable;" that the summary dismissal of appellant by the board on April 6, 1964, was without just cause; and, that appellant should be paid in accordance with the terms of his contract, subject to certain items of mitigation.

The State Board of Education affirmed the commissioner's ruling, and the school district timely carried the matter to the district court. Trial was to the court with-

out a jury and resulted in a take-nothing judgment against appellant. The judgment recites that " * * * all parties having announced 'ready,' and no jury having been demanded, the several matters of fact as well as of law were submitted to the court * * *"

Appellant presents two points of error for our consideration. He asserts that because the "school system" was a party to the administrative proceedings, the order of the State Board of Education is final as to appellee and, therefore, the trial court did not have jurisdiction. He also contends that judicial inquiry, if allowed at all in this case, is limited to review under the substantial evidence rule; and that the trial court erred in reversing the decisions of the commissioner and board of education because there is no evidence that they acted arbitrarily or fraudulently or abused their discretion.

 We hold that the trial court did have jurisdiction and that the substantial evidence rule has no application in this case.

The question of whether appellant was discharged for good cause is not in the case. Under the record, the school district has never contended that appellant was discharged for good cause, if he had a valid contract. Rather, throughout this controversy, the district has consistently maintained that the contract is invalid. The sole issue in the case is thus resolved into a question of law. The State Board of Education does not have final or conclusive discretion on that question. It is "a judicial question which the parties have the right to have finally determined in the courts, and upon a state of facts to be ascertained by a jury, if legal demand be made therefor." Los Angeles Heights Independent School District v. Whitehead, (Tex.Civ.App., 1931, writ ref.) 34 S.W.2d 895, 896; Birdville Independent School District v. Deen, (Tex.Civ.App., 1940) 141 S.W.2d 680, 683–684, affirmed 138 Tex. 339, 159 S.W.2d 111 (1942). In other words, the school district was entitled to have the question of whether the contract is valid finally determined in the courts in a trial de novo. No presumption of validity is accorded the findings and rulings of the administrative board. State by and through State Board of Morticians v. Cortez, 160 Tex. 532, 333 S.W.2d 839, 841.

The judgment of the trial court is affirmed.