

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 1, 1971

Honorable Ned Price, Chairman
State Board of Insurance
1110 San Jacinto
Austin, Texas 78701

Opinion No. M-947

Re: S. B. 612, Acts 62nd
Leg. R. S. 1971, Chap.
226, p. 1074, Amending
Article 1111c-1, Vernon's
Penal Code

Dear Mr. Price:

You have requested the opinion of this Office as to the application of certain aspects of Senate Bill 612, (Acts 62nd Leg. R. S. 1971, Chap. 226, p. 1074). This Bill amends Article 1111c-1, Vernon's Penal Code, by adding Section 2(d) thereto. Specifically, you ask our opinion on the following questions:

"(1) Are all the different provisions of Article 1111c-1 (Acts 61st Leg. R. S. 1969, Ch. 550, p. 1692), dealing specifically with flammable liquids at retail service stations, applicable to mobile service units as defined in S. B. 612, Acts 62nd Leg. R. S. 1971, which amends Section 2 of Article 1111c-1, supra, by adding thereto a new section designated Section 2(d)?

"(2) Does the State Board of Insurance have authority under the provisions of S. B. 612, supra, to create licensing requirements for the operation of mobile service units, and to set standards for the securing of such licenses?"

Senate Bill 612, codified as Section 2(d), Article 1111c-1, V.P.C., is set out as follows:

"(d) In addition to other authority granted by this Act, the State Board of Insurance shall formulate, adopt and pro-mulgate rules and regulations for the safe movement and operation of mobile service units and for the safe dispensing of flammable

-4634-

liquids by mobile service units.  As used in this Act, and in the rules promulgated hereunder, 'mobile service units' are vehicles, tank trucks, or other mobile devices from which flammable liquids used as motor fuels may, as an act of retail sale, be dispensed into the fuel tanks of motor vehicles parked on off-street parking facilities; provided that any city may, by ordinance, within one hundred eighty (180) days after promulgation by the State Board of Insurance of Statewide regulations hereunder, adopt rules and regulations covering such units which are more restrictive but not less restrictive than those adopted by the State Board of Insurance hereunder and in addition thereto any city may license and charge a reasonable license fee for the operation of each such mobile service unit operating in such city. The rules and regulations promulgated under this Act shall have uniform force and effect throughout the State and no municipality or county shall hereinafter enact or enforce any ordinance, rules or regulations inconsistent with the rules and regulations promulgated hereunder except as provided herein.  Provided, however, that any municipal or county ordinances, rules or regulations in force and effect on the effective date of this Act, including the prohibition of mobile service units, shall not be invalidated because of any provision of this Act."

Prior to enactment of the above amendment, Article 1111c-1 related to the "storage, handling, and use of flammable liquids at retail service stations," and the rules and regulations adopted by the Board presumably cover such storage, handling and use with regard to <u>fixed-equipment</u> at retail service stations or bulk plants.  The above amendment adds the new dimension of mobile service units to the pre-existing coverage of Article 1111c-1.

A statute must be construed as a whole so that all of its parts can be harmonized, if possible, in order to give effect to the entire Act according to the evident legislative intent.  53 Tex.Jur.2d 227-228, Statute, Sec. 159.  We are unable to say that every pre-existing provision of Article 1111c-1 can be held applicable to the new Section 2(d), but

ost can be related generally to mobile service units.  The fact that some, like Section 4, are, by their own terms, not concerned with mobile units, would not mean that other provisions, not so limited in their terms, would fail of application. Specifically, the Sections not applicable to mobile service units are Sections 1(4), 1(5), 2 and 4.  All the remaining Sections of Article 1111c-1 will apply to the mobile units.

Your second question asks us to determine whether the State Board of Insurance has the authority under the provisions of Senate Bill 612 to create licensing requirements for the operation of mobile service units and to set standards for the securing of such licenses.  It is fundamental that the powers of an administrative agency such as the State Board of Insurance are derived entirely from legislative enactment. The agency has only such powers as are expressly conferred upon it by statute, together with those necessarily implied from powers and duties expressly given or imposed.  1 Tex.Jur.2d, Administrative Law, Sec. 6, p. 652.  The scope of the powers under consideration here granted to the State Board of Insurance are to, "formulate, adopt and promulgate rules and regulations for the safe movement and operation of mobile service units and for the safe dispensing of flammable liquids by mobile service units."  The extent of the expressed and implied powers of the State Board of Insurance is defined by this phrase. However, without attempting to discuss the entire scope of these powers, it is relevant to our question here to point out that among those powers which the Board does not have is the power to "license" mobile service units absent an express statutory grant of that power.  We are fully supported in this position by the case of State of Texas, acting by and through State Board of Morticians vs. Cortez, 160 Tex. 532, 333 S.W.2d 839 (1960).

This case involves, among other things, the scope of authority of the State Board of Morticians as defined in Article 4582b, Vernon's Civil Statutes, being Acts 1953, 53rd Leg., p. 661, ch. 251.  The Board acting pursuant to Sec. 2 (4)(D), which said that "the Board shall have the power . . . to prescribe rules and regulations pertaining to the operation of all funeral establishments. . .", sought, pursuant to this language, to license a funeral establishment.  Other provisions of the Act expressly granted the Board the power to license an embalmer and a funeral director and specified the requirements therefor, including grounds for removal.  The Supreme Court held, and we quote from page 841:

"The Board which is set up by the Act is an administrative agency and has no power

> to require a license or payment of a license
> by a funeral establishment as a prerequisite
> to its operation.  1 Tex.Jur.2d 652, Sec. 6."

and further at page 841:

> "The Board does have the right to
> prescribe the rules and regulations govern-
> ing the operation of a funeral establishment
> but not to require licenses . . . ."

It is our opinion that the power of the State Board of
Insurance to promulgate rules and regulations does not en-
compass the power to license.  The Legislature subsequently
responded to this case in 1963 by completely amending Article
4582b by Acts 1963, 58th Leg., p. 1283, ch. 494, Art. 1.  The
Act as amended contains express authority for the Board to
license a funeral establishment pursuant to the statutory
requirement set out in Sec. 4 thereof.

However, the State Board of Insurance by the terms of
Senate Bill 612 does have the power to formulate, adopt and
promulgate rules and regulations for (1) the safe movement
and operation of mobile service units, and (2) for the safe
dispensing of flammable liquids by those units.  The rules
and regulations promulgated set the minimum standards of
uniform statewide application for the safe movement and opera-
tion of mobile service units and dispensing of the flammable
liquids.  Any city which enacts a licensing ordinance would,
of necessity, have to set the requirements for such a license
in light of the minimum standards established in the Board's
rules and regulations.

## SUMMARY

Sections 1(4), 1(5), 2 and 4, Vernon's
Penal Code, are by their very terms related
solely to retail service stations or bulk
plants, and are not applicable to mobile
service units as defined in Section 2(d),
Article 1111c-1, Vernon's Penal Code.

While the State Board of Insurance does
not have the authority under Section 2(d) of
Article 1111c-1, Vernon's Penal Code, to
license mobile service units, however, it
does have power to formulate, adopt and

promulgate rules and regulations for the safe movement and operation of mobile service units and for the safe dispensing of flammable liquids by these units.

Any city which enacts a licensing ordinance would, of necessity, have to set the requirements for such a license in light of the minimum standards established in the Board's rules and regulations.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:
Rex H. White, Jr.
James H. Quick
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Scott Garrison
James Mabry
Bob Lattimore
Sig Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant