

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 8, 1975

The Honorable Hal Weathersby
5323 Harry Hines Blvd.
Dallas, Texas 75235

Opinion No. H- 663

Re: Authorization of the Anatomical
Board of the State of Texas to license
facilities for the storage of human
bodies.

Dear Dr. Weathersby:

The Anatomical Board of Texas has requested our opinion concerning
the Anatomical Gift Act, article 4590,-2, .V. T. C. S. and article 4583, .V. T. C. S. ,
which creates the Anatomical Board and defines its duties. The Board has asked:

1) Does the Anatomical Board have regulatory
authority under the Texas Anatomical Gift Act?

2) Since the Anatomical Gift Act lists donee in-
stitutions not listed in article 4583, are the
two in conflict or does the Anatomical Board
retain the authority to regulate the distribution
and use of all human bodies for education and
research?

3) Is the Anatomical Board authorized to license or
approve a bank or storage facility for operation
under the Anatomical Gift Act?

4) Is a duly incorporated chiropractic college located
in Texas entitled to receive human cadavers and be
represented by membership on the Anatomical Board
under the provisions of article 4583?

The Anatomical Board is created and its duties defined, by article 4583
et seq. , V. T. C. S. Prior to the 1961 amendment of article 4584,V. T. C. S. , there
was no connection between the Board and the Anatomical Gift Act. See Attorney
General Opinion WW-720 (1959). In that opinion it was held that the Board could re-
ceive only those human bodies "required to be buried at public expense" and that the
Board could not be a donee under the Anatomical Gift Act. While article 4584 has
been amended so as to permit a person to designate a donee authorized by the Board
as the recipient of his body, the Anatomical Gift Act contains no reference to the

Anatomical Board.

> [A]n administrative agency . . . has
> only such powers as are expressly
> granted to it by statute together with
> those necessarily implied from the
> authority conferred or duties imposed.
> Stauffer v. City of San Antonio, 344 S.
> W. 2d 158, 160 (Tex. Sup. 1961).

State v. Cortez, 333 S. W. 2d 839 (Tex. Sup. 1960); Corzelius v. Railroad Commission, 182 S. W. 2d 412 (Tex. Civ. App -- Austin 1944, no writ); Railroad Commission v. Fort Worth & D. C. Ry. Co., 161 S. W. 2d 560 (Tex. Civ. App. -- Austin 1942, writ ref'd. w. o. m. ). Since the Board is not given express regulatory authority in the Anatomical Gift Act, and since this authority is not necessarily implied from its authority and duties to distribute those bodies under its control pursuant to article 4583 et seq., in our opinion the Board may not promulgate regulations under the Antomical Gift Act.  V. T. C. S. art. 4590-2.

Article 4585 provides that the Anatomical Board is to distribute those bodies over which it has control pursuant to article 4584 to "schools, colleges, physicians, and surgeons." Article 4585A authorizes the Board to deliver bodies to the State Board of Embalming and to certified schools of embalming.  Article 4584 provides that the bodies "be used within this state for the advancement of medical science."  Those bodies under the Board's control pursuant to article 4584 are those required to be buried at public expense and those left by will or other written instrument to a medical school, dental school, or a donee authorized by the Board.  Where such a body is not left tc a specific donee, the Board may in its discretion designate a school, college, physician, surgeon, the State Board of Embalming, or a certified school of embalming to receive the body for the advancement of medical science.

Section 4 of the Anatomical Gift Act provides:

> The following persons may become donees of gifts
> of bodies or parts thereof for the purposes stated:
> (1) any hospital, surgeon, or physician, for medical or
> dental education, research, advancement of medical or
> dental science, therapy or transplantation; or
> (2) any accredited medical or dental school, college or
> university for education, research, advancement of medical
> or dental science or therapy; or
> (3) any bank or storage facility, for medical or dental ed-
> ucation, research, advancement of medical or dental science,
> therapy or transplantation; or

> (4) any individual specified by a licensed physician
> for therapy or transplantation needed by him.

Section 2(a) provides:

> 'Bank or storage facility' means a facility licensed,
> accredited or approved under the laws of any state for
> storage of human bodies or parts thereof.

The Anatomical Board is not designated as a permissible donor under the Anatomical Gift Act.  The Board is neither expressly authorized to license storage facilities nor are there standards provided for the licensing or operation of such facilities.  There is no  statutuory indication that the Anatomical Board was intended to license or supervise storage facilities.  In the absence of such an indication the Board is not authorized to license storage facilities.

We are aware of no other agency which is authorized to license storage facilities.  Certainly a certificate of incorporation is insufficient to constitute licensing or approval of such a facility, for there would be no control over the procedures employed by  such a facility and the manner in which  human bodies are utilized.

Accordingly, it is our opinion that there is no procedure for the licensing, accrediting, or approval of storage facilities under article 4590-2, V. T. C. S. Hospitals, surgeons, physicians, medical and dental schools, colleges and universities, and individuals specified by physicians for therapy or transplantation are thus the only  possible recipients within the State under  article 4590-2,  section 4.

In our opinion, the Board has been given no authority over the gift of bodies and the recipient institutions under the Anatomical Gift Act.  However, the bequest provision of article 4584 provides:

> Any inhabitant of the State of Texas of legal age
> and of sound mind may, by his will or by other written
> instrument, arrange for  or prescribe that his body
> be used for the purpose of advancing medical science
> and that it be delivered to a medical school or dental
> school, or other donee authorized by the Anatomical
> Board.

In contrast, section 3 of article 4590-2 provides that any individual who has testamentary capacity "may give all or any part of his body" and enumerates other persons who may execute  the gift.  The manner of execution of gifts under article 4584 and article 4590-2, section 5, are quite similar.  Thus, where a person gives his entire body to a medical school, dental school, or a college, physician, or surgeon authorized by the Board to receive bodies under article 4584,  the gift would come

within the provisions of either article 4584 or the Anatomical Gift Act. In our opinion the Board may consider this class of gifts to be made under article 4584 and thus under its jurisdiction. However, the following classes of gifts may be made only under the Anatomical Gift Act and are not within the Board's jurisdiction: 1) A gift made by a person of only part of his body. 2) A gift made by a person of all or part of another person's body under section 3(b) of the Anatomical Gift Act. 3) A gift made to an "individual specified by a licensed physician for therapy or transplantation needed by him." Sec. 4(4). 4) A gift made to a hospital. Sec. 4(1). 5) A gift made to a surgeon, physician, college or university not authorized by the Board to receive bodies under article 4584. There is therefore no conflict between article 4584 and article 4590-2, although the provisions of the two articles do overlap. While the Board has no statutory authority concerning these classes of gifts, we believe it may provide registration procedures and encourage their use for all gifts of bodies and parts therof. See article 4583.

Your fourth question concerns chiropractic colleges. In our opinion, a chiropractic college is within the meaning of "college" as contained in article 4584 and section 4(2) of the Anatomical Gift Act. Thus a chiropractic college may be delivered bodies from the Board, may be authorized by the Board to receive bodies given under article 4584, and may be the recipient of a body pursuant to a gift under the Anatomical Gift Act. In each instance, the bodies must be used for the advancement of medical science. However, in our opinion a chiropractic college is not a medical school or college as that term is used in article 4583 and is therefore not entitled to representation on the Anatomical Board. Constitutional Convention Advisory No. 3(1974).

## SUMMARY

The Anatomical Board of Texas has no regulatory authority over gifts or the recipients thereof pursuant to the Anatomical Gift Act. V. T. C. S. article 4590-2.

There is no conflict between article 4584 and article 4590-2 although some provisions of the two articles overlap. Where a gift is authorized by both statutes the Board may consider it to be under article 4584 and hence within its jurisdiction.

There is no agency which is empowered to license storage facilities for human bodies under article 4590-2, V. T. C. S. A certificate of incorporation is insufficient to serve as such a license.

A duly incorporated chiropractic college may be the recipient of human bodies or parts thereof under either article 4584 or article 4590-2, but is not entitled to representation on the Anatomical Board under article 4583.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: