

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 26, 1976

The Honorable Roy J. German
Chairman
Texas Commission on Alcoholism
809 Sam Houston Building
Austin, Texas   78701

Opinion No. H-870

Re:  Authority of Texas
Commission on Alcoholism
to certify "alcoholism
counselors."

Dear Chairman German:

You have requested our opinion regarding the authority
of the Texas Commission on Alcoholism to certify persons as
"alcoholism counselors" and to regulate the use of such
title.  The Texas Commission on Alcoholism was created by
article 5561c, V.T.C.S., which provides, in section 5, that
the Commission "shall have only the following duties and
functions:

> (1)  Carry on a continuing study of the
> problems of alcoholism in this State, and
> seek to focus public attention on such
> problems.
>
> (2)  Establish cooperative relationships
> with other State and local agencies, hospitals,
> clinics, public health, welfare, and law
> enforcement authorities, educational and
> medical agencies and organizations, and other
> related public and private groups.
>
> . . .
>
> (4)  Provide for treatment and rehabilitation
> of alcoholics . . . .  (Emphasis added).

Article 5561c confers no express certification authority upon the Commission. It is well established that a statutory board may

> exercise only such authority as is conferred upon it by law in clear and unmistakable terms and the same will not be construed as being conferred by implication. Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co., 180 S.W.2d 906, 908 (Tex. Sup. 1944). See also Corzelius v. Railroad Commission, 182 S.W.2d 412, 415 (Tex. Civ. App. -- Austin 1944, no writ).

As the Supreme Court declared in State v. Cortez, 333 S.W.2d 839 (Tex. Sup. 1960), the authority of the State Board of Morticians to "prescribe rules and regulations pertaining to the operation of all funeral establishments" does not confer upon the Board the power to require such funeral establishments to obtain a license to operate. Id. at 841. Thus, it is our opinion that the Commission has no authority to certify persons as "alcoholism counselors" or to require that a private corporation follow standards and procedures prescribed by the Commission regarding such certification.

The current General Appropriations Act, however, appropriates specific sums to the Department of Mental Health and Mental Retardation, the Department of Health Resources, and the Department of Corrections, "to supplement the rehabilitation of alcoholics . . . to be expended with the advice of the Texas Commission on Alcoholism" for the employment of "alcoholism counselors." General Appropriations Act, Acts 1975, 64th Leg., ch. 743, art. II, § 1 at 2443-44. When read in conjunction with the Commission's authority under article 5561c to "provide for treatment and rehabilitation of alcoholics," it might be argued that these state agencies may employ as alcoholism counselors only such persons as are certified by the Commission.

In Attorney General Opinion H-790 (1976), we dealt with a situation in which the Dental Laboratory Advisory Board has been directed, under article 4551f, V.T.C.S., to "advise the Texas State Board of Dental Examiners." Such authority, we held, was advisory only, and the Board of Dental Examiners was not obliged to follow the recommendations of the Dental

Laboratory Advisory Board.  Likewise, we believe that the three state agencies authorized by the General Appropriations Act to employ alcoholism counselors may do so without the prior approval of the Commission on Alcoholism.  Although the agencies should seek the "advice" of the Commission as to the standards to be used in employing alcoholism counselors, they are not bound by that advice.

## S U M M A R Y

The Texas Commission on Alcoholism has no authority to certify persons as "alcoholism counselors" or to require that a private corporation follow standards and procedures prescribed by the Commission regarding such certification.  Although the Department of Mental Health and Mental Retardation, the Department of Health Resources, and the Department of Corrections should seek the advice of the Commission as to the standards to be used in employing alcoholism counselors, they are not bound by that advice.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb