Honorable Fred S. Brinkley, Jr. Executive Director/Secretary Texas State Board of Pharmacy 211 East 7th Street Austin, Texas 78701
Re: Whether the Texas State Board of Pharmacy may require that pharmacists seeking to be licensed in Texas by reciprocity pass a Jurisprudence examination encompassing the Texas Pharmacy, Dangerous Drug and Controlled Substances Acts.
Dear Mr. Brinkley:
You have requested our opinion regarding the authority of the State Board of Pharmacy to require persons seeking to be licensed under the reciprocity provisions of article 4542a, V.T.C.S., to pass a special examination. Section 9(c) of that statute, after stating the requirements for a license to practice pharmacy, adds the following proviso:
 Provided that the State Board of Pharmacy may, in its discretion, upon the payment of an amount, not to exceed Two Hundred Fifty Dollars ($250), set by the Board, grant a license to practice pharmacy to persons who furnish proof that they have been registered as such in some other state or territory, and that they are of good moral character, provided that such other Board in its examination required the same general degree of fitness required by this State, and grants the same reciprocal privileges to pharmacists of this State.
Section 9(c) clearly authorizes the Board to grant a license to any person who fulfills certain specific criteria, and whose original state of licensure does likewise. An examination is not among the listed requirements. In Kelly v. Industrial Accident Board, 358 S.W.2d 874 (Tex.Civ.App.-Austin 1962, writ ref'd), the court declared that
 the rules and regulations so enacted by the administrative body may not impose additional burdens, conditions or restrictions in excess of or inconsistent with the statutory provisions.
358 S.W.2d at 876-77. This office has frequently held that a statutory board is not authorized to impose upon its licensees conditions not prescribed by statute. Attorney General Opinions H-870 (1976); H-669 (1975); M-1219 (1972); V-964 (1949). See State v. Cortez, 333 S.W.2d 839, 841 (Tex. 1960); Board of Insurance Commissioners of Texas v. Guardian Life Insurance Co.,180 S.W.2d 906, 908 (Tex. 1944). In our opinion, the Board of Pharmacy is without authority to require any person to take or pass a special examination as a condition of licensing under the reciprocity provisions of section 9(c) of article 4542a.
 SUMMARY
The State Board of Pharmacy is not authorized to require any person to take or pass a special examination as a condition of licensing under the reciprocity provisions of section 9(c) of article 4542a, V.T.C.S.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee