

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
306/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 28, 1984

Mr. Herbert E. Cohen.
Executive Director
Texas Cosmetology Commission
1111 Rio Grande
Austin, Texas 78701

Opinion No. JM-283

Re: Status of contract high school students under the Cosmetology Regulatory Act

Dear Mr. Cohen:

You have requested our opinion regarding the status of contract high school students under the Cosmetology Regulatory Act. Your first question is whether "contract high school students" (students who receive cosmetology training from private beauty culture schools with which their high schools contract) are private beauty culture school students under the Cosmetology Regulatory Act, article 8451a, V.T.C.S. If they are considered to be private beauty culture school students, you ask next if they must complete 1500 hours of training instruction to qualify for licensing in cosmetology, pursuant to section 10(b) of article 8451a. Finally, you ask whether these public school students are to be considered in the calculation of enrollment for purposes of computing the student-instructor ratio for private beauty culture schools under section 22(2) of article 8451a.

Section 10(b) of article 8451a provides:

> (b) An applicant for an operator license must be at least 16 years of age, have completed the seventh grade or its equivalent, and have completed 1,500 hours of instruction in a licensed beauty culture school or 1,000 hours of instruction in beauty culture courses and 500 hours of related high school courses prescribed by the commission in a public school vocational program.

Section 22(2) provides that a private beauty culture school shall

> (2) maintain on its staff and on duty during business hours not less than two full-time instructors licensed under this Act, except that one instructor will be sufficient whenever the student enrollment drops below 15.

Article VII, section 8 of the Texas Constitution vests administrative and supervisory authority for public education and public school students in the State Board of Education. Members of the State Board of Education are also members of the State Board of Vocational Education and the Central Education Agency. See Educ. Code §§11.01, 11.41. Further, section 11.02 of the Education Code provides the following:

> (a) The Central Education Agency shall exercise general control of the system of public education at the state level in accordance with the provisions of this code.

> (b) Any activity with persons under 21 years of age which is carried on in the state by other state or federal agencies, except higher education in approved colleges, shall be subject in its education aspects to the rules and regulations of the Central Education Agency.

No statute delegates the State Board of Education's administrative and supervisory responsibility for public education and public school students either to a private technical or trade school with which a public school district contracts, or to the licensing board that regulates that private technical or trade school. Similarly, article 8451a, V.T.C.S., does not expressly or impliedly confer on the cosmetology commission supervisory or administrative authority for the public education of public school students. Article 8451a does confer on the cosmetology commission the responsibility to prescribe the 500 hours of related high school courses to be taken by students enrolled in the public school vocational program. V.T.C.S. art. 8451a, §10(b). Administrative bodies have only those powers expressly conferred on them by statute together with those necessarily implied from express powers and duties. Stauffer v. San Antonio, 344 S.W.2d 158 (Tex. 1961). See also State Board of Morticians v. Cortez, 333 S.W.2d 839 (Tex. 1960).

Therefore, a school district may not delegate its responsibility for the education of public school students to a private beauty culture school or to the cosmetology commission. See Pena v. Rio Grande Independent School District, 616 S.W.2d 658 (Tex. Civ. App. - Eastland 1981, no writ). Nor has the cosmetology commission been given express or implied authority for the education of public school students.

Section 21.1111(a) of the Education Code expressly provides that a school district

> may contract with another school district or with
> a public or private post-secondary educational
> institution or trade or technical school, which is
> regulated by the State, as designated in the State
> Plan for Vocational Education to provide voca-
> tional classes for students in the district.

Subsection (b) provides that:

> A pupil who attends vocational classes at another
> school pursuant to a contract authorized in Sub-
> section (a) shall be included in computations of
> average daily attendance by the school district in
> which he is regularly enrolled.

See also Educ. Code §16.155; Acts 1984, 68th Leg., ch. 28, at 325
(providing for basic allotment and vocational educational allotments
for students enrolled in vocational education programs).

We conclude that students who receive cosmetology training from
private beauty culture schools with which their high schools contract
are public high school students enrolled in a public school vocational
program. To be eligible for a cosmetology operator's license under
article 8451a, section 10(b), they must complete 1000 hours of
instruction in beauty culture courses and 500 hours of related high
school courses rather than 1500 hours solely in a private beauty
culture school. See also Educ. Code §21.112; Acts 1984, 68th Leg.,
ch. 28, at 449 ("vocational programs shall offer competency-based
instruction. . . . Instruction must be based on the essential
elements approved by the State Board of Education . . .").

Finally, we consider whether, if these students are deemed to be
public school students who should be counted in the average daily
attendance of their school district, they may be counted as enrolled
in a private beauty culture school for purposes of calculating a
student-instructor ratio.

Section 22(2) of the Cosmetology Regulatory Act provides that a
private beauty culture school shall

> maintain on its staff and on duty during business
> hours not less than two full-time instructors
> licensed under this Act, except that one
> instructor will be sufficient whenever the student
> enrollment drops below 15.

We do not believe that the status of these students as public high
school students precludes them from being considered as contract
enrollees in a private beauty culture school for purposes of

calculating a student-instructor ratio under section 22(2). We believe the intent of section 22(2) is to provide for a reasonable student-instructor ratio that will ensure the protection of the public safety and welfare by thorough training of prospective cosmetology licensees. Therefore, we conclude that the intent of section 22(2) is satisfied by counting all enrollees in a private beauty culture school, whether private or public school students, for purposes of calculating a student-instructor ratio.

## S U M M A R Y

Students who receive cosmetology training from private beauty culture schools with which their high schools contract are public school students. They are required to take 1000 hours of instruction in beauty culture courses and 500 hours of related high school courses in a public school vocational program as prescribed by article 8451a, section 10(b), V.T.C.S. Characterization of these students as public school students does not preclude them from being considered as contract enrollees in a private beauty culture school for purposes of calculating a student-instructor ratio under section 22(2) of article 8451a, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton