

# The Attorney General of Texas

March 31, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Allen Parker, Sr.
Commissioner
Texas Department cf Labor
   and Standards
P. O. Box 12157
Austin, Texas    78711

Opinion No.  JM-465

Re:  Whether the Texas Department
Labor and Standards may set a pay
scale for boxing officials under
article 8501-1, V.T.C.S.

Dear Mr. Parker:

You ask whether the commissioner of the Texas Department of Labor and Standards may promulgate a rule setting a pay scale for persons who officiate at boxing matches. The legislature has authorized the commissioner of the Texas Department of Labor and Standards to promulgate rules regulating the boxing and wrestling industry in Texas. V.T.C.S. art. 8501-1. The authority the legislature granted to the commissioner, however, does not expressly include the authority to set a pay scale for persons who officiate at boxing matches.

The legislature has authorized the commissioners of the Texas Department of Labor and Standards to "promulgate any and all reasonable rules and regulations which may be necessary" to enforce the provisions of the Boxing and Wrestling Act. V.T.C.S. art. 8501-1, §4(b). The only provisions of that act that could even conceivably serve as the basis for a rule setting a pay scale for boxing officials are the provisions dealing with licensing of such officials:

> Sec. 9. (a) No person shall act as a professional boxer or wrestler, manager of a professional boxer or wrestler, referee, judge, second, timekeeper, or matchmaker until he has been licensed pursuant to this Act.
>
> (b) The application for a license shall be made upon a form furnished by the commissioner and shall be accompanied by an annual license fee as follows:

> | | | | |
> |---|---|---|---|
> | (1) | boxer | ----- | $15 |
> | (2) | wrestler | ----- | $15 |
> | (3) | manager | ----- | $75 |
> | (4) | matchmaker | ----- | $75 |

| (5) | judge | ----- | $15 |
|-----|-------|-------|-----|
| (6) | referee | ----- | $25 |
| (7) | second | ----- | $10 |
| (8) | timekeeper | ----- | $10 |

(c) Revenue obtained from license fees shall be deposited to the credit of the General Revenue Fund.

Sec. 10. (1) The commissioner is authorized to promulgate rules and regulations setting forth reasonable qualifications for applicants seeking licenses as a promoter, manager, matchmaker, professional boxer or wrestler, judge, referee, second, or timekeeper.

(b) The commissioner may after investigation and hearing deny an application for a license when the applicant has failed to meet the established qualifications or has violated any provision of this Act or any rule or regulation issued pursuant to this Act.

V.T.C.S. art. 8501-1, §§9, 10. The act also provides that the commissioner may revoke or suspend the license of an official who violates any provision of the act or any rule promulgated pursuant to the act. Id. §4(b).

Rules promulgated by an administrative agency must be within the granted power and may not impose additional burden, conditions, or restrictions in excess of or inconsistent with statutory provisions. Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214, 216 (Tex. Civ. App. - San Antonio 1980, no writ). The legislature has the power to regulate wages paid to private employees in at least some circumstances. See art. 5159d, V.T.C.S. (minimum wage law). We find no authority, however, that would support the proposition that the authority to regulate wages is within the scope of a legislative grant of licensing authority to an administrative agency. We think that an administrative agency would need to have a specific grant of authority to do so. See State Board of Morticians v. Cortez, 333 S.W.2d 839, 841 (Tex. 1960) (power to make rules governing funeral establishments does not include power to license such establishments; board would need specific authority to do so).

Therefore, the commissioner of the Texas Department of Labor and Standards may not promulgate a rule setting a pay scale for persons who officiate at boxing matches.

## S U M M A R Y

The commissioner of the Texas Department of Labor and Standards may not promulgate a rule setting a pay scale for persons who officiate at boxing matches.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General