OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 10, 1999

Mr. John R. Speed, P.E.                          Opinion No. JC-0020
Executive Director
Texas Board of Professional Engineers            Re:  Whether Texas Natural Resource Conservation
P.O. Drawer 18329                                Commission has authority under chapter 366 of the
Austin, Texas  78760-8329                        Texas Health and Safety Code to require certification
                                                 of "site evaluators"  (RQ-1090)

Dear Mr. Speed:

On behalf of the Texas Board of Professional Engineers (the "Board"), you ask several questions about the rule-making authority of the Texas Natural Resource Conservation Commission (the "TNRCC" or "Commission") under chapter 366 of the Texas Health and Safety Code, which addresses the regulation of on-site sewage disposal systems. Your specific questions are as follows:

1.  Does the TNRCC have the authority to license site evaluators or other persons to perform engineering as authorized by the Texas Engineering Practice Act?

2.  Does an agency or political subdivision of the state have the authority to interfere with the authority of the TBPE [("Texas Board of Professional Engineers")] by imposing additional requirements upon licensed engineers to practice activities already authorized by their licenses?

3.  Do such agencies or political subdivisions have the authority to prohibit or otherwise impede licensed engineers from performing activities already authorized under their engineering license?

Letter from John R. Speed, P.E., Executive Director, Texas Board of Professional Engineers, to Honorable Dan Morales, Texas Attorney General 6 (Feb. 11, 1998) (on file with Opinion Committee) [hereinafter Speed letter of 2/11/98].

Our analysis begins with the rules to which the Board most specifically objects – those pertaining to site evaluator training and certification. In addressing the rules on site evaluator training and certification, we do not raise any question about the Commission's authority to require site evaluations to determine the suitability of a location for placing a particular on-site sewage

disposal facility. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 366.011(1) (Commission or authorized agents have general authority over location, design, construction, installation, and proper functioning of on-site sewage disposal systems); 366.012(a)(2) (adoption of rules that encourage alternative techniques and technologies that can be used in soils not suitable for conventional on-site sewage disposal); 366.012(b)(3) (adoption of rules requiring specific management practices or procedures if required by site conditions or other problems) (Vernon Supp. 1999).

You indicate that rules adopted by the Commission to regulate "site evaluators" are not authorized by chapter 366 of the Health and Safety Code and that some of them encroach upon the Board's authority to regulate the practice of professional engineering. We conclude that the Commission does not have authority under chapter 366 of the Health and Safety Code to require the certification of "site evaluators." Because we believe such rules are invalid, we do not need to decide whether "site evaluators" perform engineering as regulated by the Texas Engineering Practice Act or whether the rules impede licensed engineers from performing activities already authorized under their engineering license. We could not in any case answer these questions definitively in an attorney general opinion. To determine whether or not a "site evaluator" engages in the practice of engineering would require the investigation and resolution of fact questions, which cannot be done in the opinion process. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-383 (1996) at 2 (questions of fact are inappropriate for the opinion process); DM-98 (1992) at 3 (questions of fact cannot be resolved in the opinion process); H-56 (1973) at 3 (improper for Attorney General to pass judgment on a matter that would be a question for jury determination); M-187 (1968) at 3 (Attorney General cannot make factual findings).

The purpose of chapter 366 of the Health and Safety Code is to "eliminate and prevent health hazards by regulating and properly planning the location, design, construction, installation, operation, and maintenance of on-site sewage disposal systems." TEX. HEALTH & SAFETY CODE ANN. § 366.001(1) (Vernon Supp. 1999). An "[o]n-site sewage disposal system" is defined as "one or more systems of treatment devices and disposal facilities that: (A) produce not more than 5,000 gallons of waste each day; and (B) are used only for disposal of sewage produced on a site on which any part of the system is located." *Id.* § 366.002(7). Under chapter 366, before constructing, altering, repairing, extending or operating an on-site sewage disposal system, a person must obtain a permit from the TNRCC or the TNRCC's "authorized agent," a local government entity that the TNRCC has authorized to regulate on-site sewage disposal systems within its jurisdiction. *See id.* § 366.002(1); Tex. Att'y Gen. Op. No. JM-1278 (1990) at 2 ("[a]uthorized agents" defined as "local governmental entities designated by the [TNRCC] to implement and enforce chapter 366 and the rules adopted [under this chapter]").

The Commission's rules concerning on-site sewage facilities ("OSSFs") require applicants for an OSSF permit to submit "a positive site evaluation performed by a certified site evaluator." 30 TEX. ADMIN. CODE § 285.20(2) (1998). A "[s]ite evaluator . . . visits a site and conducts a pre-construction site evaluation which includes performing soil analysis, a site survey, and other criteria necessary to determine the suitability of a site for a specific OSSF." *Id.* § 285.2. *See also id.* § 285.30 (detailed description of site evaluation). The rules "set forth a statewide uniform procedure

for the training and registration of installers of OSSFs and training and certification of site evaluators and designated representatives." *Id.* § 285.50(a). They provide that "[n]o individual may represent himself or herself as an installer, site evaluator, or designated representative unless they possess a valid agency certificate for that profession." *Id.* § 285.50(c).

Chapter 366 of the Health and Safety Code does not expressly authorize the TNRCC to require training and certification of a "site evaluator" nor does it even mention this term. In contrast, the Commission has express authority to certify a "designated representative," defined as "a person who is designated by the commission or authorized agent to make percolation tests, systems designs, and inspections subject to the commission's approval." TEX. HEALTH & SAFETY CODE ANN. §§ 366.002(3), 366.014 (Vernon Supp. 1999). It also has express authority to register an "installer," defined as "a person who is compensated by another to construct, install, alter, or repair an on-site sewage disposal system." *Id.* §§ 366.002(4), 366.071.

The TNRCC argues that it has implied authority to require the training and certification of site evaluators because these requirements help implement various provisions of Health and Safety Code chapter 366. It states that such rules will implement the statutory purpose of eliminating and preventing health hazards. It also states that its rules implement the provisions regarding training and registration of installers. Letter from Gene Snelson, TNRCC, to Sarah Shirley, Office of the Texas Attorney General (Apr. 24, 1998) (on file with Opinion Committee) [hereinafter Snelson letter of 4/24/98]. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 366.013 (training of installers); 366.071 - .078 (registration of installers) (Vernon Supp. 1999). The Commission argues that its authority to register an installer includes authority to register a "site evaluator" as a kind of installer, but it also states that it offers a separate certificate for a site evaluator to allow competent candidates to perform this function without having to obtain installer registration. Snelson letter of 4/24/98, *supra*, at 6-7. To qualify as a site evaluator, an individual must, among other requirements, have two years of verifiable experience in the OSSF field and possess either an Installer II certificate, a designated representative certificate, a registered sanitarian certificate, or a professional engineer registration. 30 TEX. ADMIN. CODE § 285.54(k)(1) (1998).

In our opinion, the Commission's authority to register an installer does not authorize the Commission to register a "site evaluator." The fact that the Commission offers a separate certificate for a site evaluator who is not a registered installer is inconsistent with its argument that a site evaluator is a kind of installer and that its statutory authority over installers encompasses "site evaluators."

The Commission cites section 366.012 of the Health and Safety Code as another source of its implied authority to regulate "site evaluators." This provision requires the Commission to adopt rules governing the installation of on-site sewage disposal systems and rules "that encourage the use of economically feasible alternative techniques and technologies for on-site sewage disposal systems that can be used in soils not suitable for conventional on-site sewage disposal." TEX. HEALTH & SAFETY CODE ANN. § 366.012(a)(2) (Vernon Supp. 1999). Subsection (b) of section 366.012

requires the Commission to adopt rules defining and describing good management practices and procedures for constructing on-site sewage disposal systems that:

> (1) justify variation in field size or in other standard requirements;
>
> (2) promote the use of good management practices or procedures in the construction of on-site sewage disposal systems;
>
> (3) require the use of one or more specific management practices or procedures as a condition of approval of a standard on-site sewage disposal system if, in the opinion of the commission or authorized agent, site conditions or other problems require the use of additional management practices or procedures to ensure the proper operation of an on-site sewage disposal system.

*Id.* § 366.012(b).

These provisions relate to the techniques, technologies, and management practices and procedures necessary for the construction and proper operation of on-site sewage disposal systems, particularly systems that can be used in soils not suitable for conventional on-site sewage disposal. They do not mention a site evaluator or refer to the regulation of persons who carry out the tasks necessary to ensure the proper operation of an on-site sewage disposal system.

The legislative intent is determined from a general view of the whole enactment in question. *Citizens Bank v. First State Bank,* 580 S.W.2d 344, 348 (Tex. 1979). The interpretation of a statute by implication is permitted to supply an obvious intent not expressly stated, but not to add to what the statute provides expressly. *Massachusetts v. United N. & S. Dev. Co.,* 168 S.W.2d 226, 229 (Tex. 1942). "'[A]n agency can adopt only such rules as are authorized by and consistent with its statutory authority.'" *Railroad Comm'n v. Arco Oil & Gas,* 876 S.W.2d 473, 481 (Tex. App.—Austin 1994, writ denied) (citations omitted). An agency may not, "'on a theory of necessary implication from a specific power, function, or duty expressly delegated, erect and exercise what really amounts to a new and additional power or one that contradicts the statute, no matter that the new power is viewed as being expedient for administrative purposes.'" *Public Util. Comm'n v. GTE-Southwest, Inc.,* 901 S.W.2d 401, 407 (Tex. 1995) (quoting *Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129, 137-38 (Tex. App.—Austin 1986, writ ref'd n.r.e.)). Nor may an agency rule "impose additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions." *Railroad Comm'n,* 876 S.W.2d at 481.

When we look at chapter 366 as a whole, we see that the legislature has adopted specific and detailed provisions on the regulation of installers and designated representatives. *See* TEX. HEALTH & SAFETY CODE. ANN. §§ 366.001(4) (Commission may require registration of installer); 366.002(4) (defining "installer"); 366.072 (Commission shall adopt a registration application for installers and rules and procedures for processing application); 366.073 (Commission shall require

the installer to complete a training program provided by the Commission); 366.074 (Commission shall establish and collect a registration fee to cover the cost of issuing registrations); 366.076 (Commission may require periodic renewal of registrations) (Vernon Supp. 1999). The Commission's authority to adopt rules governing the installation of on-site sewage disposal systems expressly refers to "rules concerning the . . . registration of installers." *Id.* 366.012(a)(1)(B).

The provisions relating to certification of a designated representative, like those relating to an installer, are express and specific. Section 366.014(b) sets out five qualifications for becoming a designated representative: (1) demonstrating competency to make percolation tests, designs, and inspections for on-site sewage disposal systems; (2) completing the Commission's training program; (3) passing an examination; (4) receiving written certification from the Commission; (5) paying a fee. Requirements (3) though (5) were added by a 1993 amendment to chapter 366.[1] Thus, even though chapter 366 already provided for the position of designated representative, the legislature took action to authorize the certification of such persons, subject to passing an examination and paying a fee. Section 366.013 expressly requires the Commission to establish a training program specifically developed for installers, authorized agents, and designated representatives and authorizes the Commission to charge participants a reasonable fee to cover the cost of the training.

Several opinions of this office have concluded that a state agency may not establish and regulate occupational or professional categories in the absence of express legislative authority to do so. Attorney General Opinion H-870 determined that the Texas Commission on Alcoholism had no authority to certify persons as "alcoholism counselors" and regulate the use of such title. Tex. Att'y Gen. Op. No. H-870 (1976) at 2. The opinion noted that the Commission had no express authority to certify such persons and found that it had no implied authority to do so. *Id.* For the latter conclusion, it relied on the Texas Supreme Court decision in *State v. Cortez*, 333 S.W.2d 839 (Tex. 1960), in which the court held that the Board's authority to prescribe rules and regulations for the operation of all funeral establishments did not give the Board implied authority to require funeral establishments to be licensed. *Id.* (citing *Cortez*, 333 S.W.2d at 841). The statute at issue in *Cortez* expressly required a license to practice embalming or to be a funeral director and set the fees for such licenses, but at the time of the lawsuit it did not expressly require funeral establishments to be licensed. *Id.*[2] *See also* TEX. REV. CIV. STAT. ANN. art. 4582b, § 4 (Vernon Supp. 1999) (current law requires funeral establishments to be licensed).

Attorney General Opinion MW-320 determined that the Commission on Fire Protection Personnel Standards and Education lacked authority to require certification of fire inspectors. The Commission had express authority to establish minimum certification requirements only for people seeking admission to employment as fire protection personnel. Tex. Att'y Gen. Op. No. MW-320 (1981). It therefore lacked authority to establish certification requirements for an additional specialty, such as fire inspector. *Id.* *See also* Tex. Att'y Gen. Op. No. JM-609 (1986) (Texas

[1]Act of May 25, 1993, 73rd Leg., R.S., ch. 589, § 4, 1993 Tex. Gen. Laws 2243-44.

[2]*See* Act of May 14, 1953, 53d Leg., R.S., ch. 251, § 4, 1953 Tex. Gen. Laws 661, 665.

Department of Health could not adopt a rule requiring certain massage therapy instructors to comply with requirements for massage therapy school; such rule would be inconsistent with statutory distinction between "instructor" and "school").

Attorney General Opinion MW-42 determined that the Board of Nurse Examiners could not issue rules regulating the practice of advanced nurse practitioners. The Board had neither statutory authority for a separate licensing category of advanced nurse practitioners, nor a broad grant of regulatory authority over the practice of nursing. Tex. Att'y Gen. Op. No. MW-42 at 2 (1979). Accordingly, "[i]n the absence of more specific statutory authority, the board may not promulgate rules having the force of law limiting, or dictating methods of practice by advanced registered nurse practitioners." *Id.*

In contrast to Attorney General Opinion MW-42 and similar opinions, Attorney General Opinion DM-292 determined that the Texas Board of Health could issue rules under the Medical Radiologic Technologist Certification Act, article 4512m, of the Revised Civil Statutes, for granting speciality certificates that authorized the applicant to practice in one of the three disciplines comprising medical radiologic technology: diagnostic radiography, nuclear medicine, or radiation therapy. It would also offer a general certificate authorizing the holder to practice in all three disciplines. The Board had express authority to establish different classes of certificates, but it was concerned that this authority was curtailed by a provision defining a "limited certification" as authorizing the holder to perform radiologic procedures only to a specified part of the body. Attorney General Opinion DM-292 looked at the statute as a whole, concluding that the Board's broad authority to establish classes of certificates was not curtailed by the provision on a "limited certification" and that the Board could implement the new licensing system. Thus, the language of the Medical Radiologic Technologist Certification Act, as harmonized by Attorney General Opinion DM-292, provided specific authority for the Board to establish new classes of certificates. Tex. Att'y Gen. Op. No. DM-292 (1994). *See also* Tex. Att'y Gen. LO-96-125 (Board of Health has authority under the Medical Radiologic Technologist Certification Act to grant certificate for students performing dangerous or hazardous procedures).

We finally note a judicial decision that addressed the rule-making authority of the TNRCC under the Solid Waste Disposal Act, TEX. HEALTH & SAFETY CODE ANN. §§ 361.001-.754 (Vernon 1992 & Supp. 1999). *McDaniel v. Texas Natural Resource Conservation Commission*, 982 S.W.2d 650 (Tex. App.—Austin 1998, pet. filed), addressed the Commission's implied authority with respect to procedures for authorizing sewage sludge disposal. *McDaniel*, like the present request for an attorney general opinion, deals with the rule-making authority of the TNRCC, but it addresses a different statute, and, most important, does not concern the regulation of an occupational or professional category. For these reasons, *McDaniel* does not assist us in answering your question.

In the absence of any statutory authority to regulate site evaluators, the TNRCC has adopted rules that place burdens on persons who engage in site evaluation, by requiring them to take an examination, pay fees, and comply with other requirements for getting a certificate. 30 TEX. ADMIN. CODE §§ 285.50, 285.54, 285.57 (1998). A person who violates a rule is subject to a suit for

injunctive relief or a civil suit under section 366.092. In the context of Health and Safety Code chapter 366, which expressly defines and provides for the regulation of two occupations related to on-site sewage facilities, it is reasonable to expect the legislature to express its intention to authorize regulation of a third occupation related to on-site sewage facilities by a similarly express grant of authority. We conclude that the Commission lacks implied authority to regulate site evaluators. Accordingly, the Commission has no authority to issue rules regulating "site evaluators" and such rules are invalid.

## S U M M A R Y

Chapter 366 of the Health and Safety Code, relating to the regulation of on-site sewage disposal systems, does not expressly or by necessary implication authorize the Texas Natural Resource Conservation Commission to regulate "site evaluators." The Commission's rules requiring the certification of site evaluators and otherwise regulating site evaluators are invalid.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General